ELLIOT CHAUM AND ELINOR CHAUM, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4516–76.     Filed October 31, 1977.

*Allan D. Teplinsky* and *Gordon B. Cutler,* for the petitioners. *Charles L. Eppright,* for the respondent.

OPINION

SCOTT, *Judge:* On January 6, 1977, petitioners filed a motion for summary judgment and a motion for determination as to burden of proof. On February 23, 1977, respondent filed a notice of objections to petitioners' motion for determination as to burden of proof and on March 7, 1977, filed an amendment to this notice and a memorandum brief in support of his objections.

Argument on both motions was heard on March 7, 1977, and thereafter both petitioners and respondent filed further briefs.

The grounds for petitioners' motion for summary judgment are that at all times material to this case Plaza Three Development Fund (Plaza) constituted a valid partnership for tax purposes; that in accordance with the provisions of sections 701, 702, and 704, I.R.C. 1954,[1] petitioners reported on their return for the taxable year 1972 (the year here in issue) their distributive share of the partnership loss as allocated to them in a statement they received from Plaza which showed their pro rata portion under the partnership agreement of Plaza's loss as reported on its partnership return of income; that a determination adjusting a partner's distributive share of partnership income, gain or loss must as a matter of law be based upon an audit and determination with respect to the partnership return of income; and that respondent did not complete the audit of Plaza's return of income nor formally or informally determine any adjustment with respect to its income or loss for 1972 prior to issuing to petitioners a notice of deficiency disallowing their distributive share of Plaza's loss as claimed on its return of income. Attached to this motion was an affidavit of petitioners' attorney.

The grounds for petitioners' motion for determination as to burden of proof are that respondent in December 1975 requested an extension of the statute of limitations with respect to the assessment of tax against petitioners for the calendar year 1972; that petitioners on December 31, 1975, informed respondent in writing that no such extension would be granted; that the statute of limitations for assessment of tax against petitioners for the year 1972 was to expire on April 15, 1976; that on April 13, 1976, respondent's audit of Plaza's return of income was not completed but notwithstanding this fact respondent issued a statutory notice of deficiency to petitioners disallowing the total partnership loss they claimed in 1972 with respect to Plaza; and that respondent's action in disallowing petitioners' claimed partnership loss was arbitrary. Petitioners conclude that their alleged grounds cause respondent to have the burden of proof to show what portion, if any, of the partnership loss claimed by petitioners is improper under the holding in *Helvering v. Taylor*,

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

293 U.S. 507 (1935). There is attached to respondent's notice of objections to petitioners' motion for determination as to burden of proof filed February 23, 1977, an affidavit of respondent's trial counsel.

In the oral argument held on March 7, 1977, the Court directed the parties' attention to the fact that discrepancies existed in the facts stated in the affidavit of respondent's counsel and those stated in the affidavit of petitioners' counsel, and attempted to have the discrepancies reconciled. When the discrepancies could not be reconciled at the oral argument, the parties were requested to file a stipulation of facts with respect to the matters covered by the affidavits of the attorneys for the parties, and on October 5, 1977, the stipulation was filed. The facts stipulated are as follows:

1. In November 1972, the 1972 Plaza Three Development Fund (hereinafter referred to as "Plaza") was formed as a limited partnership. Upon its formation, petitioners acquired a limited partnership interest in Plaza. Plaza was an oil and gas drilling partnership.

2. In October 1973, employees in the Houston office of the Austin Internal Revenue District began an audit of the partnership return of income (Form 1065), (hereinafter referred to as "return") for the taxable year 1972 filed by Plaza.

3. In connection with that audit on June 12, 1974, employees of the Austin District submitted a Request for Technical Advice to the National Office of the Internal Revenue Service.

4. On or about January 31, 1975, a response to the Request for Technical Advice, entitled "Statement of Understanding," was filed with the National Office of the Internal Revenue Service on behalf of Plaza.

5. In the spring of 1975, the National Office notified the engineer revenue agent in Houston that there were discrepancies between the statement of facts in the Request for Technical Advice and the statement of facts in the Statement of Understanding and requested that the engineer revenue agent resolve those discrepancies. In January 1976, the Houston office asked the National Office to close its files on the Request for Technical Advice and to return the administrative files to the Houston office.

6. On December 15, 1975, respondent had not completed his audit of Plaza's return for 1972 and therefore requested an extension of the statute of limitations from petitioners with respect to their 1972 joint income tax return, which statute of limitations, unless extended (or within one of the other exceptions set forth in I.R.C. § 6501(c)), would expire on April 15, 1976.

7. On December 31, 1975, petitioners informed respondent in writing that an extension of the statue of limitations with respect to their 1972 joint income tax return would not be granted.

8. On April 13, 1976, the audit of Plaza's return for 1972 was not completed. Respondent had not, at that time, prepared an audit report nor determined any adjustments in connection with the audit of Plaza's return for 1972.

9. The statutory notice of deficiency issued to petitioners on April 13, 1976, was not based upon any formal adjustments made by the respondent to Plaza's 1972 return in connection with its audit thereof.

10. Prior to the issuance of the notice of deficiency to petitioners, employees of the Los Angeles District Director talked with an employee of the Houston office of the Austin District concerning that district's audit of Plaza's 1972 partnership return. The employees of the Los Angeles District Director were informed of the issues and positions with respect thereto being considered by the Houston office.

11. At the time the statutory notice of deficiency was issued to petitioners by the Los Angeles District Director's office, neither he nor his staff had any knowledge of any adjustments which were to be made in connection with the audit of Plaza's 1972 return other than as stated in the preceding paragraph.

12. In connection with the preparation of this stipulation of facts, counsel for respondent was unable to determine the source of explanatory paragraph A in the statutory notice of deficiency issued to petitioners.[2] Counsel for respondent was advised by the Houston office of the Austin District that explanatory paragraph A had not been furnished by that office to the Los Angeles District. He was also advised by the preparer of the statutory notice of deficiency that she was certain that she had not written explanatory paragraph A and, further, that she could not recall the source of that explanatory paragraph.

13. The administrative files transmitted from the Los Angeles District Director's office to the Los Angeles Regional Counsel's office, subsequent to the issuance of the statutory notice of deficiency herein, which file pertained only to petitioners and not to any other partner in Plaza, contained no information with respect to the audit of Plaza's 1972 return.

14. It was not until on or about December 23, 1976, that preliminary findings with respect to the audit of Plaza's 1972 return were first completed by the revenue agent examining Plaza's 1972 partnership return. In accordance with these findings, not all of Plaza's loss for 1972 would be disallowed.

Petitioners' argument in support of their motion for summary judgment is based on their allegations that they reported their

---

[2]Par. A of the explanation of adjustments attached to the statutory notice of deficiency issued to petitioners states as follows:

"A. (1) It is determined that the alleged losses claimed by you in your income tax return for the taxable year 1972 with respect to an alleged partnership known as Prudential Fund (hereinafter referred to as Prudential) are not allowable because you have not established that the transactions in which Prudential was involved or in which you were involved with respect to Prudential were bona fide arm's length transactions at fair market value, that such transactions were entered into for profit, or that such transactions had any economic purpose or substance other than the avoidance of taxes.

"(2) If the determination set forth in the immediately preceding sub-paragraph of this paragraph A is not sustained, it is determined in the alternative that any loss attributable to prepaid intangible drilling costs and nonrecourse loans are [sic] not allowable."

The record with respect to the motions here under consideration shows that the general partner of Plaza Three Development Fund was Prudential Fund, Inc. The record is clear that petitioners were not misled by the reference in the statutory notice to Prudential Fund. The amount of the loss with respect to Plaza and the allegations in the petition relate to Plaza. In fact, the allegation in the petition that Plaza was a valid partnership is admitted.

distributive share of Plaza's loss for 1972 as reflected by the statement furnished to them by Plaza on their joint income tax return and that, therefore, since Plaza admittedly is a valid partnership, a determination adjusting their distributive share of the partnership loss can, as a matter of law, only be made after an audit and pursuant to a determination made with respect to the partnership income or loss. Petitioners state that the facts here show that when the notice of deficiency was issued on April 13, 1976, respondent had not made a determination with respect to Plaza's gain or loss for the year 1972 and therefore respondent erred as a matter of law in sending a notice of deficiency to petitioners disallowing petitioners' distributive share of Plaza's loss as claimed on petitioners' return.

Petitioners cite us to no case in which it has been held that respondent is prohibited as a matter of law from disallowing a claimed deduction for a partnership loss until he has audited and adjusted the partnership gain or loss as reported on its return of income. The only statutory requirement on respondent with respect to determination of a deficiency in a taxpayer's income is that, within the statutory period for assessment of a deficiency, he mail to the taxpayer a notice of deficiency in accordance with the provisions of section 6212. Petitioners do not contend that the notice of deficiency mailed to them by respondent on April 13, 1976, in any way failed to comply with the statutory requirements of section 6212.

While our attention has been directed to no case nor have we found any case involving the contention here made by petitioners, the cases involving somewhat similar contentions are uniformly contrary to the position taken by petitioners. In *Marx v. Commissioner*, 179 F.2d 938 (1st Cir. 1950), affg. a Memorandum Opinion of this Court, the Court stated that "an arbitrary determination of deficiency by the Commissioner is not void and therefore a nullity." In *Bunnel v. Commissioner*, 50 T.C. 837 (1968), we refused to sustain the taxpayer's contention that a notice of deficiency must be sent to a subchapter S corporation if adjustment is made in the shareholder's distributable income from that corporation. In *Suarez v. Commissioner*, 58 T.C. 792 (1972), we refused to grant the taxpayer's motion for judgment on the pleadings even though we held the deficiency notice to be based entirely on evidence obtained in violation of the Fourth Amendment to the Constitution of the United States.

In this case the deficiency notice issued to petitioners meets all the statutory requirements of a proper deficiency notice. The petition contesting the determination in that notice was timely filed and an answer to that petition was timely filed. The pleadings in this case raise an issue of fact. That issue is whether petitioners are entitled to the claimed deduction of a partnership loss with respect to their interest in Plaza. The existence of such an issue of fact or any reasonable doubt as to the facts at issue must result in the denial of a motion for summary judgment. *Hoeme v. Commissioner*, 63 T.C. 18, 20 (1974). We therefore conclude that petitioners' motion for summary judgment should be denied.

Petitioners contend, with respect to their motion for determination as to burden of proof, that the agreed facts in this case show that respondent's determination in the notice of deficiency issued to them was arbitrary in that respondent did not have a proper basis of knowledge that they had not sustained the partnership loss claimed on their return when he issued the notice of deficiency. Petitioners state that respondent issued the notice merely to stay the running of the statute of limitations when they refused to extend the statute which they contend to be per se arbitrary. Petitioners contend that under the holding in *Helvering v. Taylor, supra,* where a notice of deficiency has been shown to be arbitrary, no presumption attaches to that notice and the burden is on respondent to show the amount of the deficiency, if any, which is due from the taxpayer. Petitioners argue that the only cases which do not follow this rule are those in which the taxpayer, by some affirmative act, has caused respondent to be unable to make a determination. Petitioners state that they did not in any manner impede or interfere with respondent's aduit of Plaza's return of income for 1972 or of their own 1972 return and that, therefore, such cases as *Roberts v. Commissioner,* 62 T.C. 834, 836 (1974), are not here applicable. In the *Roberts* case, we rejected the taxpayer's contention that the Commissioner may assess deficiencies only when he has specific information that a claimed deduction is not permitted and that the Commissioner cannot find a deficiency merely because the taxpayer does not attempt to furnish proof of his claimed deduction. After reciting the contention of the taxpayer, we stated that we found no merit in these contentions, specifically stating that a taxpayer has no inherent right to deductions.

Strictly applying the holding in the *Roberts* case here we could likewise state that petitioners did not furnish respondent with substantiation of Plaza's loss, a pro rata portion of which they claim as a deduction. Petitioners contend, however, that Plaza was a complex operation and they have no means of furnishing to respondent any information except that which was furnished to them by Plaza. They point out that they did furnish to respondent a copy of the information furnished to them by Plaza. They distinguish the *Roberts* case by pointing out that in that case the taxpayer refused to supply proof to support his claimed employee business expense and casualty loss deductions. It was because of this refusal that these deductions had been disallowed in full by respondent. Petitioners would distinguish the refusal of the taxpayer in the *Roberts* case to furnish support of his claimed deductions when afforded the opportunity from their inability to furnish any additional information to respondent.

Respondent contends that under the facts here his determination was not arbitrary and that in any event the burden always remains upon a taxpayer to establish that he is entitled to deductions or losses claimed.[3]

In our view petitioners place the wrong perspective on the facts necessary to show that a determination by respondent is arbitrary. The criterion is not whether petitioners affirmatively interfered with respondent's efforts to make a precise determination but is rather whether respondent's actions were reasonable under all the existing facts. While there is no showing in this case that petitioners made any affirmative effort to hamper respondent's investigation of Plaza's return of income, the record does show that Plaza itself did cause delay in respondent's determination with respect to the income or loss it sustained in the year 1972. The record shows that on January 31, 1975, 7 months after respondent had submitted a request for technical advice to the National Office of the Internal Revenue Service with respect to Plaza's tax liability, a "Statement of Understanding" was filed with the National Office on Plaza's behalf. The record further shows that 3 months later the National Office

---

[3]Respondent also contends that petitioners' motion is premature and that it should be denied for that reason, and that petitioners' motion should be denied because it is an attempt to have the Court look behind the notice of deficiency to determine the propriety of respondent's motives or administrative procedures in making his determinations. We do not reach these issues since we dispose of this case on other grounds.

pointed out that discrepancies existed in the facts stated in the "Statement of Understanding" filed on behalf of Plaza and in the statement of facts in the request for technical advice. Because of this, a request was made that an engineer revenue agent resolve those discrepancies.

In January 1976, respondent's Houston Office asked for a return of the administrative files and that the request for technical advice be closed. The indication from these facts is that the representatives of Plaza and respondent's representatives in the Houston Office had been able in the latter part of 1975 to work out the discrepancies that existed in the facts as reported to the National Office. Because of action taken by Plaza, as well as action taken by respondent, no determination of Plaza's income or loss had been made in January 1976. On April 13, 1976, respondent had still not completed the audit of Plaza's return, the reason being as much because of a delay by Plaza as by respondent. A representative of respondent in Los Angeles obtained information from representatives of respondent in Houston with respect to positions being considered in the Houston Office concerning Plaza's income or loss for the year 1972. In our view, respondent's action in disallowing petitioners' claimed partnership loss under these circumstances was not arbitrary or unreasonable. Considering the fact that Plaza had other partners, it could have been less reasonable for respondent to conclude his investigation of Plaza without affording full opportunity to Plaza to present its views than for respondent to disallow petitioners' claimed deduction for their loss with respect to Plaza. Obviously respondent took this action as a protection of the revenue while affording Plaza full opportunity to be heard with respect to proposed adjustments of its claimed loss. In our view, respondent's action, viewed from the alternatives available to him, was neither arbitrary nor unreasonable. Cf. *Hoeme v. Commissioner, supra* at 20–21. Since, as we view the facts here, respondent's action in disallowing petitioners' claimed partnership loss was not arbitrary or unreasonable, petitioners have the burden of showing error in respondent's determination.

There is also a further reason why the request in petitioners' motion to make a determination as to burden of proof that we determine respondent to have the burden of going forward with the evidence should not be granted. In *Helvering v. Taylor, supra,* in holding that where a determination of income received

by a taxpayer had been arbitrarily made by respondent the entire deficiency should not be sustained merely because the taxpayer did not come forward with evidence to show the proper amount of tax due, the Court pointed out that "the burden is upon the taxpayer to establish the amount of a deduction claimed." This Court has likewise consistently held that the burden is always upon a taxpayer to establish his right to claimed deductions. *Roberts v. Commissioner, supra* at 836. The Court of Appeals for the Ninth Circuit to which an appeal in this case would lie has followed this same rule.

In the recent case of *Rockwell v. Commissioner*, 512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, the Ninth Circuit, after discussing certain of its cases which might indicate that the ultimate burden of persuasion shifted to the Commissioner where a taxpayer had shown that respondent's determination of additional income received by him was erroneous, stated at page 886:

Whatever the proper rule may be where inclusion in income is controverted, there is no dispute that the taxpayer bears the burden of proof in substantiating claimed deductions. * * *

See also *Nor-Cal Adjusters v. Commissioner*, 503 F.2d 359, 361 (9th Cir. 1974), affg. a Memorandum Opinion of this Court; *Clapp v. Commissioner*, 321 F.2d 12, 14 (9th Cir. 1963), affg. 36 T.C. 905 (1961), in which the Court categorically stated that "the burden of proving a deductible loss and its amount is always upon the taxpayer."

We conclude that under the facts in this case petitioners have the burden of establishing the proper amount, if any, of partnership loss with respect to Plaza to which they are entitled. Petitioners' motion is captioned "Motion for Determination as to Burden of Proof." However, insofar as it requests that we hold that the burden of proof has shifted to respondent or that respondent has the burden of going forward with evidence to support his disallowance of petitioners' claimed partnership loss from their interest in Plaza, petitioners' motion will be denied.

*An appropriate order will be issued.*