KUMALEE B. AMMEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ammen v. Commissioner
Docket No. 982-79.
United States Tax Court
T.C. Memo 1982-477; 1982 Tax Ct. Memo LEXIS 270; 44 T.C.M. (CCH) 883; T.C.M. (RIA) 82477; August 17, 1982. Taylor W. O'Hearn, for the petitioner. H. Karl Zeswitz, Jr., for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion for summary judgment and, alternatively, his motion to dismiss this case for failure to properly prosecute. Each motion is supported by a memorandum of points and authorities. Arguments on the motions were held on February 1, 1982, at New Orleans, Louisiana. Petitioner's counsel later filed a memorandum in opposition to respondent's motions. The pertinent facts are set forth below. Kumalee B. Ammen (petitioner) *271 was married to Arthur K. Ammen and resided in Louisiana during 1973 and 1974.She was also a legal resident of Louisiana when she filed her petition in this case. On or about April 15, 1974, petitioner filed with the Internal Revenue Service a Form 1040 purporting to be her and her spouse's Federal income tax return for the year 1973. She had not filed a Federal income tax return for the year 1974. On November 7, 1975, petitioner's husband, Arthur K. Ammen, met with Jimmy Hammond, a revenue agent of the Internal Revenue Service, to discuss his and petitioner's tax liabilities for the years 1973 and 1974. At that meeting Mr. Ammen refused to answer any questions regarding their tax liabilities, he refused to produce any records and he stated that no records would be furnished at any future time. Respondent's agents obtained information relevant to the determination of petitioner's tax liabilities for 1973 and 1974 from AFCO, Inc., Richard G. Johnson & Company, Guaranty Bank & Trust Company and Security First National Bank, Alexandria, Louisiana. On December 1, 1976, Revenue Agent Hammond offered petitioner and her husband a conference for the purpose of reviewing records *272 and information Mr. Hammond had obtained from third-party sources. Petitioner failed to respond to the letter or appear for the scheduled meeting. On April 7, 1977, Mr. Hammond again offered a conference to petitioner and her husband to discuss tentative deficiency adjustments, which was ultimately scheduled for April 29, 1977. By letter dated April 18, 1977, Mr. Hammond mailed to petitioner and her husband a copy of proposed adjustments and detailed sources of information as previously requested by her husband. At the meeting on April 29, 1977, petitioner's husband refused to discuss the tax information presented to them, he refused to furnish any records, and he refused to answer any questions relating to their tax liabilities for the taxable years 1973 and 1974. On November 28, 1978, a statutory notice of deficiency was sent to petitioner which determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a) [1]
1973
$190,276.23
$95,138.15
$6,088.84
1974
15,065.15
7,532.58
482.09
*273 On January 22, 1979, petitioner filed her petition herein assigning the following errors to respondent's determinations of deficiencies in income taxes and additions to tax: (a) No effort was made to obtain the cooperation of the petitioner for examination of her records. (b) No effort was made to obtain the records of the petitioner by use of administrative procedures, i.e., summons. (c) No effort was made to obtain the records of the petitioner by use of summons, enforcement through Federal District Court. (d) No effort was made to adjust or confirm with the taxpayer the deficiency as it was established. Petitioner alleged the following facts in paragraph 6 of her petition: (a) On information and belief, petitioner shows that the deficiencies were established in an arbitrary manner, without seeking verification or identity which was available to the agents of the Internal Revenue Service. (b) Petitioner shows, on information and belief, that the deficiencies were established by reasons of personal feelings and in an attempt to harass and pressure the petitioner. (c) Petitioner shows that no attempt was made by the agents of the Internal Revenue Service to pursue *274 this matter in a normal manner or under remedies available under the Internal Revenue Code. In his answer respondent admitted error with respect to the additions to tax under section 6653(b) for fraud for both years. Under Rule 142(a), Tax Court Rules of Practice and Procedure, the burden of proof with respect to the deficiencies and additions to tax under section 6654(a) is upon the petitioner. In a letter to respondent dated September 4, 1979, the petitioner through her attorney stated that the pleadings filed in this case are sufficient to present the petitioner's grounds for this Court's review of the respondent's determination for the taxable years 1973 and 1974. Based upon the pleadings, affidavits and correspondence by the parties, respondent filed a motion for summary judgment on January 14, 1980. After several delays, a hearing was held in Washington, D.C., on May 14, 1980. The Court denied respondent's motion upon representations from petitioner's counsel that certain facts with respect to gross income adjustments as set forth in the notice of deficiency may be in dispute for reasons other than alleged in the petition. By Order dated May 14, 1980, petitioner *275 was granted 30 days to file an amended petition.Petitioner subsequently requested by written motion filed June 18, 1980, a 60-day extension to amend her petition which was granted on June 19, 1980. On August 18, 1980, petitioner filed a motion which stated in part: "Petitioner has reviewed her pleadings * * * and in all good conscience feels that the pleadings so filed are proper and that they are representative of her posture in this case." Based upon this motion, the Court issued an Order dated August 26, 1980, granting petitioner until November 4, 1980, in which to file an amended petition as permitted by the Court's May 14, 1980 Order. the Court granted her an opportunity to do so and after representing to the Court at the May 14, 1980, hearing that pleadings would be amended to allege any factual disputes with respect to income adjustments. Petitioner has conceded, pursuant to Rule 34(b)(4), any and all other grounds for error not stated in her petition because she has not assigned a separate and specific error nor alleged specific facts with respect to respondent's adjustments. The material facts related to all legal issues subject to respondent's motion for summary *276 judgment are uncontroverted and do not support petitioner's claims as set forth in her petition. By Orders dated November 5, 1980, in the case of Arthur K. Ammen, Docket No. 981-79, this Court held respondent's request for admissions deemed admitted and prohibited petitioner's spouse from introducing matters into evidence which pertain to the category, event, transaction or circumstances to which respondent's request for interrogatories refer. The request for admissions and interrogatories relate to commissions income, dividend income and capital gains income earned by petitioner and her spouse as community income during 1973 and 1974, as follows: (a) Commissions income in the amount of $51,906 for 1973 has been established. (b) Dividend income in the amounts of $8,716.97 and $1,997 for 1973 and 1974, respectively, has been established. (c) Capital gains income in the amounts of $328,760.68 and $3,081.24 for 1973 and 1974, respectively, has been established. (d) As community income under the laws of Louisiana, petitioner is responsible for the tax on one-half of the above-listed items of income. Unidentified bank deposits of $65,898.71 and $41,982.82 for 1973 and *277 1974, respectively, and unidentified loan repayments of $164,781.64 and $41,270.35 for 1973 and 1974, respectively, are conceded by petitioner on the pleadings for failure to allege specific errors with respect to these adjustments. Rule 34(b)(4). In the petition it is alleged that respondent's determination of deficiencies for the taxable years 1973 and 1974 were established in an arbitrary manner in an attempt to harass and pressure the petitioner, and without proceeding in a normal manner to utilize remedies available under the Internal Revenue Code. For these reasons the petitioner contends that the notice of deficiency upon which this case is based should be nullified and a decision entered in her favor. In support of these alleged errors the petitioner asserts that respondent's agents failed to request her cooperation for examination of her records, failed to compel production of the records by use of administrative procedures, such as a summons, failed to confirm the proposed deficiencies with her, and never requested her to furnish her records or testify concerning them. These arguments and allegations are the only grounds upon which the petitioner contests the determinations *278 made by respondent in the notice of deficiency. The adjustments proposed by respondent in the notice of deficiency are based upon records and information obtained from reliable and competent third-party sources. Respondent acknowledges that a summons was not issued to petitioner as a means of attempting to compel her to furnish her records. Petitioner and her spouse, Arthur K. Ammen (petitioner in Docket No. 981-79 pending with this Court), were married and resided in Louisiana during 1973 and 1974. Except in limited circumstances, not applicable here, income earned by either spouse during the marital relationship is community income and owned in equal proportions by each spouse.L.S.A.-C.C. Arts. 2399 (1870) and 2402. Each spouse is responsible for the tax attributable to one-half of the annual community income earned. United States v. Mitchell,403 U.S. 190 (1971). Consequently, the activities of either spouse in disclosing or withholding records and information maintained by either of them directly affects the examination and determination of the Commissioner regarding the other spouse. The records of one spouse are the records of the other. All correspondence *279 of the Internal Revenue Service was mailed to Mr. and Mrs. Ammen, affording both parties an equal opportunity to cooperate in the examination. Since petitioner failed to respond to any of respondent's communications or attend any conferences held with the revenue agent, she apparently chose to delegate the examination matters to Mr. Ammen or to completely ignore the agent's requests. We think the activities of petitioner's husband during the examination are equally attributable to petitioner. The first issue presented is whether the events enumerated above support petitioner's position that, as a matter of law, respondent's determinations of deficiencies and additions to tax for the taxable year 1973 and 1974 were established in an arbitrary and capricious manner and should vitiate the notice of deficiency. In Chaum v. Commissioner,69 T.C. 156 (1977), this Court established the criteria for evaluating a taxpayer's attack upon the validity of a notice of deficiency as whether the Commissioner's actions were reasonable under all the existing facts and alternatives available to his agents.In that case we also stated that the taxpayer had no reason to complain *280 where he affirmatively interfered with the Commissioner's efforts to make a precise determination or investigation. See also Figueiredo v. Commissioner,54 T.C. 1508, 1513 (1970), affd. by order (9th Cir. 1973). Since petitioner refused to cooperate with respondent's agents during the investigation by refusing to produce records and provide testimony as requested on several occasions, respondent's determination of deficiencies based upon records obtained from third-party sources is certainly reasonable under the circumstances. Petitioner has no grounds to complain that the deficiencies were determined from sources other than her records because she and her husband refused to produce such records and information as requested, and both of them attempted to hamper respondent's investigation by their affirmative lack of cooperation. Respondent had not examined the records of petitioner because petitioner failed to permit such examination. There is no merit to petitioner's contention that the notice of deficiency was arbitrary because it was not based upon an examination of petitioner's books and records. Figueiredo v. Commissioner,supar at 1513. The *281 mere fact that respondent was not permitted to examine petitioner's records does not establish that respondent's determination was arbitrary or capricious. See Roberts v. Commissioner,62 T.C. 834, 836 (1974). Petitioner also asserts that respondent erred in failing to seek compulsory production of her records by use of an administrative summons and enforcement proceedings through the Federal District Court. Section 7602 authorizes the Commissioner to summons any person to produce relevant records and to give testimony for the purpose of determining the liability of any person for any Internal Revenue tax. This authority is discretionary with the Commissioner as a remedy available in his investigation when dealing with a recalcitrant taxpayer or witness, rather than a mandatory method to be utilized in every investigation.Here the issuance of a summons to petitioner to compel production of her records and to take her testimony would have been an exercise in futility and an unjustified waste of the government's resources in view of the refusal to furnish any records or answer any questions at the conference held on November 7, 1975, or at any future time. See *282 Figueiredo v. Commissioner,supra at 1513; Giddio v. Commissioner,54 T.C. 1530, 1533 (1970). Respondent's decision to obtain evidence of the petitioner's tax liabilities for 1973 and 1974 from third-party sources, rather than delay an investigation by issuance of a summons upon petitioner for records petitioner's spouse previously indicated would be withheld, does not vitiate the reasonableness of respondent's investigation or determinations. In Roberts v. Commissioner,62 T.C. 834, 836-837 (1974), this Court stated: The Commissioner's determination is not made arbitrary or unreasonable because of his failure to have all the facts when the failure is caused solely by the petitioner. Surely, a taxpayer cannot thwart a bona fide investigation so easily and benefit thereby. * * * The facts relevant to the motion for summary judgment clearly establish that respondent's investigation and subsequent notice of deficiency were reasonable under the circumstances. Petitioner's grounds for error, as set forth in her petition, that the notice of deficiency was established in an arbitrary manner are without merit in fact and law. *283 Petitioner has alleged no specific errors to any of the adjustments and the additions to tax under section 6654(a) for the years 1973 and 1974 as set forth in the notice of deficiency. In fact, this Court permitted and directed petitioner to amend her petition to allege specific errors and facts to any of respondent's determinations on which she believes a factual dispute exists. She has not amended her original petition and has stated that the pleadings as filed "are representative of her posture in this case." The burden of proof rests with petitioner. Rule 142(a). Issues for which specific errors are not assigned nor specific facts in rebuttal alleged in the petition are deemed conceded pursuant to Rule 34(b)(4). Petitioner has had fair notice and opportunity to correct any inadvertent concessions, but she has decided not to amend her petition. She has raised no factual disputes for this Court to consider with respect to the specific income adjustments. Therefore, respondent's determinations should be sustained. Respondent's determinations with respect to the issues of commission income, dividend income and capital gains income for 1973 and 1974 are further supported *284 by his request for admissions and interrogatories pertaining to these issues. Although the admissions, interrogatories and the Court's orders pertaining thereto were issued in the case of petitioner's spouse, Arthur K. Ammen in Docket No. 981-79, [2] such discovery establishes the total community income of these issues for which petitioner is required to report one-half. United States v. Mitchell,403 U.S. 190 (1971). And petitioner is represented by the same counsel as her spouse and had the same interest in respondent's requests for admissions and interrogatories as her spouse. Accordingly, we will grant respondent's motion for summary judgment. [3]
*285 An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See Ammen v. Commissioner,T.C. Memo. 1982-476↩, decided this day.
3. Although we have chosen to grant the motion for summary judgment, we think there is ample justification on this record to support respondent's alternative motion to dismiss the case for failure to properly prosecute by defaulting the petitioner under Rules 123(a) and 104(c)(3). See and compare Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); McCoy v. Commissioner,76 T.C. 1027↩ (1981), on appeal (9th Cir.).