ROBERT B. MILGROOM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Milgroom v. Commissioner
Docket No. 9185-81.
United States Tax Court
T.C. Memo 1983-445; 1983 Tax Ct. Memo LEXIS 349; 46 T.C.M. (CCH) 881; T.C.M. (RIA) 83445; July 27, 1983. Robert B. Milgroom, pro se. Maureen T. O'Brien, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a $9,383.57 deficiency in petitioner's income tax and a $469.18 addition to tax under section 6653(a), I.R.C. 1954, for petitioner's taxable year ended December 31, 1977. The deficiency results from the disallowance of deductions claimed by petitioner on his 1977 return in respect of charitable contributions, travel, and his distributive share of a partnership loss, as well as an increase in petitioner's interest income. Neither at trial nor on brief has petitioner made any attempt to show that the Commissioner's determinations are incorrect; instead, he has attacked the deficiency notice on the ground that it is based on arbitrary *350 adjustments. Petitioner has also attempted to question the determination in respect of the addition to tax, claiming that the sole basis for this determination was an intent to "penalize" him for refusing to sign a waiver consenting to an extension of the statutory period of limitations for 1977. FINDINGS OF FACT Petitioner's 1977 Federal income tax return was received by the Andover Service Center on April 26, 1978. At the time the petition was filed, petitioner resided at Weymouth, Massachusetts. In the middle of 1976, petitioner "invested" $20,000 in C.E. Associates, a partnership involved in the production of a motion picture, which was at least arguably a so-called tax shelter. On his 1977 return, petitioner claimed a loss of $21,330 representing his alleged distributive share for that year from C.E. Associates. An Internal Revenue Service (IRS) audit of C.E. Associates' 1977 partnership return resulted in proposed adjustments to that return, and consequently a proposed adjustment disallowing the $21,330 distributive share loss claimed on petitioner's 1977 return. Because of the partnership audit, petitioner's 1977 return was "automatically" audited and he was first *351 contacted in respect of this matter in January 1981 (after an unsuccessful attempt to reach him in December 1980). He refused to meet with the revenue agent at his office, professing that he was too busy for such a meeting and indicating that he preferred to have the audit conducted by mail. The revenue agent informed petitioner at this time of the results of his audit of C.E. Associates for 1977. The revenue agent was unable to complete his examination of petitioner's 1977 return prior to the expiration of the limitations period in April 1981. In respect of all of the adjustments except the distributive share loss, the agent could have completed his examination if petitioner had cooperated in the audit, which he did not. Those other adjustments consisted of disallowance of claimed deductions for alleged unidentified charitable contributions and travel, as well as the inclusion of an unreported item of interest income. The evidence fails to show that the Commissioner erred in any way in making these adjustments or that petitioner furnished any substantiation whatever to the revenue agent conducting the audit in respect thereof notwithstanding that petitioner had ample opportunity *352 to do so. The record strongly suggests that he was engaged in stonewalling. As to the distributive share loss, the agent had substantially finished his audit of C.E. Associates, but a final determination in respect of the partnership awaited further processing by the IRS. Nonetheless, the agent's work was far enough along that he could at least reach a tentative conclusion in respect of petitioner's claimed distributive partnership loss. The agent requested that petitioner consent to an extension of the period of limitations for 1977. Petitioner signed a form extending the limitations period to December 31, 1981, but he added specific conditions which would have restricted the scope of the audit. These conditions had not been approved by the IRS, and were unacceptable to it. The consent was therefore voided. On April 7, 1981, the Commissioner issued a statutory notice of deficiency to petitioner for 1977. The notice included a $469.18 addition to tax for "negligence or intentional disregard of rules of regulations". Section 6653(a), I.R.C. 1954. The agent proposed the addition to tax because in his view petitioner had not kept adequate records, had not supplied documentation *353 to substantiate the claimed deductions, and had underreported his income. Petitioner presented no substantive evidence whatever to show that any of the Commissioner's adjustments was erroneous. He did not take the witness stand and give testimony under oath. He called but a single witness -- the revenue agent --, and attempted to establish that the deficiency notice itself was arbitrary, and that the addition to tax under section 6653(a) was an illegal effort to "penalize" him for his refusal to consent to an extension of the statutory period of limitations. OPINION Petitioner, an attorney and a member of the bar of this Court, has chosen to use this forum not to contest the correctness of the deficiency determinations made by the Commissioner, but rather to attack the validity of the deficiency notice by questioning the actions and motives of the revenue agent who audited his 1977 return and proposed the deficiencies. Similarly, petitioner has been unwilling to address the propriety of the addition to tax; instead, his efforts in this respect have been focused solely on his claim that he was "penalized" for refusing to agree to extend the limitations period on terms acceptable *354 to the IRS, and he argues on one pretext or another that he has been deprived of constitutional rights. Petitioner contends that the IRS's delay in auditing his return was the cause of the agent's examination being incomplete as the limitations period was about to expire. In his view, the deficiency notice was issued merely to prevent the limitations period from expiring, and the deficiency determined therein was arbitrary because it was based on an incomplete examination of the return, particularly with respect to the distributive share loss. Petitioner's contentions are without merit. As a general rule, this Court does not look behind a deficiency notice at the evidence used in making the determination or the Commissioner's motives for his actions. This is because "a trial before the Tax Court is a proceeding de novo; our determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level". Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974); see also Crowther v. Commissioner,269 F. 2d 292, 293 (9th Cir. 1959). Moreover, the decision as *355 to whether a deficiency notice shall be issued is within the discretion of the Commissioner and his authorized agents, even when the notice is issued to protect the Government's interest in view of the imminent expiration of the limitations period. See Luhring v. Glotzbach,304 F. 2d 560, 565 (4th Cir. 1962). Here, petitioner did not cooperate in the audit of his return. If he had cooperated, the audit would have been completed in respect of all items except the distributive share loss prior to the expiration date. In such circumstances, he will not be heard to complain that adjustments of these items were arbitrary because based upon incomplete information. See Estate of Mason v. Commissioner,64 T.C. 651, 658 (1975), affd. 566 F. 2d 2 (6th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 836-837 (1974). In respect of petitioner's distributive share from the partnership, it is clear that the agent had ample information on which to base his recommendation to disallow the claimed loss. His examination of the partnership itself was substantially completed, with the closing of it awaiting but further processing. *356 In Chaum v. Commissioner,69 T.C. 156 (1977), the taxpayer refused to consent to extend the statutory period of limitations and consequently the Commissioner issued a notice of deficiency disallowing the taxpayer's distributive share of a partnership loss prior to completion of the audit of the partnership's return. The taxpayer claimed that such determination was arbitrary, and sought to have the burden of proof shifted to the Government in respect of the disallowed loss. In denying the taxpayer's motion, we said (69 T.C. at 160): Petitioners cite us to no case in which it has been held that respondent is prohibited as a matter of law from disallowing a claimed deduction for a partnership loss until he has audited and adjusted the partnership gain or loss as reported on its return of income.The only statutory requirement on respondent with respect to determination of a deficiency in a taxpayer's income is that, within the statutory period for assessment of a deficiency, he mail to the taxpayer a notice of deficiency in accordance with the provisions of section 6212. Accordingly, petitioner's claim here must be rejected. Finally, petitioner's *357 assertion that the determination of an addition to tax under section 6653(a) was intended to penalize him for not agreeing to an extension of the period of limitations is unsupported by the record. We find as fact on the record before us that the determination was made because of inadequate recordkeeping, lack of substantiation, and underreporting of income, any or all of which may be grounds for such a determination. Moreover, petitioner's extensive interrogation of the revenue agent at trial failed to demonstrate any convincing connection between the addition to tax and the failure to consent to an extension of the limitations period. Therefore, the Commissioner's determination is sustained. The claims of this petitioner are not of the sort which raise the spector of IRS infringement of taxpayers' constitutional rights and which, in appropriate circumstances, may be thought to require a departure from the otherwise unassailable presumption of correctness which is afforded the notice of deficiency. See, e.g., Suarez v. Commissioner,58 T.C. 792, 814 (1972); but cf. United States v. Janis,428 U.S. 433, 456-457 (1976). Instead, they are little *358 more than unfounded allegations of administrative delay, and they are particularly inappropriate when raised by a taxpayer who failed to cooperate with the IRS in the audit of his return. Petitioner was given an even freer reign than normal at trial in his attempts to substantiate his allegations by means of questions put to the revenue agent, and the evidence thus adduced was woefully inadequate to accomplish this purpose. [1] In addition, petitioner was repeatedly warned that it was his burden to establish the incorrectness of the determinations shown in the deficiency notice, but he still refused to address these issues. As an attorney and member of the bar of this Court, petitioner must have been well aware of the consequences of his chosen course of action. His complaint that he was denied a fair trial is frivolous. On the record he has made, we must sustain the Commissioner's determination in every respect. *359 Decision will be entered for the respondent.
Footnotes
1. Petitioner has attempted to inject into this case the Commissioner's determination of an addition to tax against him for the years 1978 and 1979, where the only issue allegedly presented was the deductibility of his "share" of the same partnership's reported losses for those years. His case involving those later years is not before us, and we express no opinion as to the propriety of the additions in that case. The point is that the addition to tax here for 1977 rests on unassailable grounds relating to petitioner's claimed deductions for alleged charitable contributions and travel expenses as well as upon unreported interest income, wholly apart from his claimed deduction of his share of the alleged partnership loss. It would have been similarly -- or even more -- irrelevant to consider the absence or presence of any addition to tax in the cases of other members of the same partnership. Such an inquiry would have led us far afield from the matter before us, namely, petitioner's liability for the 1977 additions to tax based on his own return for that year. His attempt to inject these matters into this case in an effort to discredit the entire notice of deficiency is nothing more than an example of the familiar red herring and is wholly specious.↩