GEORGE W. MEEKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meeks v. Commissioner
Docket No. 298-86.
United States Tax Court
T.C. Memo 1988-452; 1988 Tax Ct. Memo LEXIS 471; 56 T.C.M. (CCH) 268; T.C.M. (RIA) 88452; September 20, 1988. George W. Meeks, pro se. Byron Calderon, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent *472 originally determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
1977
$  85,286.34
$ 21,321.59
$ 4,264.32
$ 3,034.79
1978
88,826.95
22,206.74
4,441.35
2,895.64
1979
96,237.80
24,059.45
4,811.89
4,030.93
1980
114,391.30
28,597.83
5,719.57
7,303.49
1981
107,489.77
26,872.44
5,374.49
8,297.64
1982
102,013.00
25,503.25
* 5,100.65
9,931.88
In his answer to the petition, respondent asserted increased deficiencies and additions as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654
1977
$  86,659.84
$ 21,664.96 $ 4,332.99
$ 3,083.66 1978
90,330.65
22,582.66
4,516.53
2,883.65
1979
98,252.70
24,563.18
4,912.64
4,115.29
1980
116,549.20
29,137.30
5,827.46
7,441.27
1981
110,320.70
27,580.18
5,516.04
8,516.17
1982
105,092.40
26,273.10
* 6,254.62
10,231.70
*473 In addition, in his answer to the petition, respondent asserted that petitioner is liable for self-employment tax, which petitioner has conceded. After concessions, the issues for determination are: (1) whether the statute of limitations bars assessment and collection of the deficiencies in tax and additions to tax for years 1977 through 1981; (2) whether petitioner substantiated business expenses in excess of the amount conceded by respondent; (3) whether petitioner is liable for the failure to file addition to tax; (4) whether petitioner is liable for the negligence addition to tax; and (5) whether petitioner is liable for the addition to tax for failing to make estimated tax payments. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided in San Antonio, Texas. Petitioner received a Bachelor's Degree in Economics from Duke University *474 in 1957. During the years in issue, he operated a business, as a sole proprietor, selling parties for imported automobiles. Petitioner did not file a proper income tax return for any of the years in issue. Rather, he filed an unsigned and incomplete Form 1040 bearing only his name, address and social security number. He did not report any financial information, claiming that such information could be used to incriminate him and subject him to prosecution for perjury. Respondent returned the documents, informing petitioner that such were not acceptable returns because they did not comply with Internal Revenue Code requirements. Because petitioner failed to provide any financial information, respondent calculated petitioner's tax liability by equating income with the amount of sales reported on sales tax reports which petitioner filed with the State of Texas. At trial, petitioner continued to refuse to provide any financial information. Following the conclusion of the trial, the Court allowed the record to be reopened in order to receive a stipulation by the parties with respect to petitioner's sales and expenses. The parties stipulated the following: Gross
General and
Net
Year
Sales
Purchases
Administrative Expenses
Profit
1978
154,102.78
91,373.66
43,993.36
18,735.76
1979
167,444.00
113,313.39
43,465.01
10,665.60
1980
193,249.00
136,308.53
37,275.17
19,665.30
1982
222,490.00
156,773.88
49,405.72
16,310.40
*475 In addition, the parties stipulated that petitioner's gross sales from his sole proprietorship were $ 149,044.77 for 1977 and $ 185,333 for 1981 and that his net profits for such years were not greater than $ 28,090.18 for 1977 and $ 82,121.29 for 1981. The exact profits for the business for such years were not stipulated because petitioner claimed entitlement to deductions for purchases and general and administrative expenses greater than the substantiated amounts which respondent allowed. OPINION Petitioner contends that respondent was arbitrary in not allowing him deductions for business expenses in the notice of deficiency. Petitioner's own records are the best direct proof of his sales and expenses. Petitioner refused to make such records available to respondent. Respondent, therefore, was forced to compute petitioner's income by an admittedly inexact method, i.e., using the amount of gross sales reported to the State of Texas for purpose of the state sales tax. The burden is upon the taxpayer to establish his right to claimed deductions. Roberts v. Commissioner,62 T.C. 834, 836 (1974). By computing petitioner's tax liability in the manner used, *476 respondent put petitioner to his proof as to his entitlement to business deductions. Respondent's action in so doing was reasonable under the circumstances. Chaum v. Commissioner,69 T.C. 156 (1977). Petitioner contends that the statute of limitations bars the assessment of tax against him for five of the years in issue, i.e., 1977 through 1981. As a general rule, taxes must be assessed within three years after the last day prescribed by law for the filing of the return on which the tax is reported or, if later, within three years after the return is filed. Section 6501(a). Where no return is filed, however, the tax may be assessed at any time. Section 6501(c)(3); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). In order to constitute a valid return, the return must be signed and verified by the taxpayer under penalties of perjury; the document filed by the taxpayer must purport to be a return; there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and there must be sufficient data from which respondent could compute and assess petitioner's tax liabilities. Beard v. Commissioner,82 T.C. 766, 777 (1984), *477 affd. per curiam 793 F.2d 139 (6th Cir. 1986); Reiff v. Commissioner,77 T.C. 1169 (1981); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). The documents filed by petitioner were not signed and were not verified under penalties of perjury. They did not provide sufficient data from which respondent could compute and assess petitioner's tax liabilities. As such, the documents were not valid returns. Thus, the limitations period did not expire for any of the years in issue. Petitioner next contends that he is entitled to business expense deductions in excess of the amount conceded by respondent. A presumption of correctness attaches to the respondent's determination, and petitioner bears the burden of overcoming such presumption and proving that the determination is erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Since petitioner failed to offer evidence to show that he incurred expenses in excess of those allowed by respondent, he has failed to carry his burden of proof. Section 6651(a)(1) imposes an addition to tax when a *478 taxpayer fails to timely file a return, unless such failure is due to reasonable cause and is not due to willful neglect. Petitioner bears the burden of proving that the section 6651(a)(1) addition to tax does not apply. BJR Corp. v. Commissioner,67 T.C. 111, 130 (1976). Shomaker v. Commissioner,38 T.C. 192, 202 (1962); Rule 142(a). Petitioner was repeatedly informed by respondent that the forms he filed for 1977 through 1982 did not constitute valid returns. It is well settled that the requirement to file tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations does not violate one's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner,72 T.C. 1126 (1979); Hosking v. Commissioner,62 T.C. 635 (1974). In our opinion, petitioners' failure to file returns was not due to reasonable cause, but rather such failure was due to willful neglect. Accordingly, we sustain respondent's determination as to the section 6651(a)(1) addition to tax. Respondent also determined that petitioner is liable for additions to tax for negligence or intentional *479 disregard of rules and regulations, pursuant to section 6653(a). Petitioner bears the burden of proving he is not liable for such additions. Luman v. Commissioner,79 T.C. 846, 860-861 (1982). Bixby v. Commissioner,58 T.C. 757 (1972); Rule 142(a). Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner was an educated and knowledgeable person. He received a degree in economics. In our opinion, he knew, or reasonably should have known, that the position he took was without merit. Accordingly, we sustain respondent's determination as to the additions to tax under section 6653(a) for the years 1977 through 1980, under section 6653(a)(1) for 1981 and under section 6653(a)(1) and (2) for 1982. Finally, respondent determined additions to tax under section 6654 for underpayments of estimated tax. Where prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability *480 required under the statute, imposition of the addition is mandatory, unless the taxpayer shows that one of several statutory exceptions applies. Section 6654: Grosshandler v. Commissioner,75 T.C. 1, 20-21; (1980) Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Since the petitioner made no effort to introduce evidence on this issue, we sustain respondent's determination as to the addition to tax under section 6654(a). Reaver v. Commissioner,42 T.C. 72, 83 (1964). To reflect the foregoing and concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All sections references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. Plus 50 percent of the interest due on that portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. ↩
*. Plus 50 percent of the interest due on the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. ↩