ARTHUR K. AMMEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ammen v. Commissioner
Docket No. 981-79.
United States Tax Court
T.C. Memo 1982-476; 1982 Tax Ct. Memo LEXIS 269; 44 T.C.M. (CCH) 875; T.C.M. (RIA) 82476; August 17, 1982. Taylor W. O'Hearn, for the petitioner. Dennis M. Kelly and Joseph T. Chalhoub, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Summary Judgment and respondent's oral Motion for Default Judgment. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*270 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure, [2] and respondent's oral Motion for Default Judgment pursuant to Rules 123 and 104(c)(3). In his notice of deficiency mailed to petitioner on November 28, 1978, respondent determined deficiencies in petitioner's Federal income taxes and additions to the tax for the taxable years 1973 and 1974 as follows: Additions to Tax, I.R.C. 1954 [3]
Year
Deficiency [4]
Sec. 6653(b)
Sec. 6654(a)
1973
$190,615.22
$95,307.61
$6,099.69
1974
15,667.60
7,833.80
501.36
The adjustments to petitioner's share of community income [5] as determined *271 by respondent in his deficiency notice are as follows: 1973
1974
Commission income
$ 51,906.00 Capital gains
328,760.68 $ 3,081.24 Dividends (after $200
exclusions)
8,716.97 1,997.00 Unidentified deposits
65,898.71 41,982.82 Unidentified funds applied
to loan payments
164,781.64 41,270.33 $620,064.00 $88,331.39 Contributions
(12,628.00)
(1,800.00)
Interest expense
(12,189.65)
(8,868.90)
($24,817.65)
($10,668.90)
1/2 community
(297,623.17)
(38,831.25)
Personal exemptions
(2,250.00)
(2,250.00)
$295,373.18 $36,581.24 At paragraphs 4, 5, and 6 of his petition filed herein on January 22, 1979, petitioner alleges, in pertinent part, *272 as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: (a) No effort was made to obtain the cooperation of the petitioner for examination of his records. (b) No effort was made to obtain the records of the petitioner by use of administrative procedures, i.e., summons. (c) No effort was made to obtain the records of the petitioner by use of summons, enforcement through Federal District Court. (d) No effort was made to adjust or confirm with the taxpayer the deficiency as it was established. 5. In fact, petitioner was never requested to furnish or produce his records or testify concerning his records. 6. The facts upon which the petitioner relies, as the basis of his case, are as follows: (a) On information and belief, petitioner shows that the deficiencies were established in an arbitrary manner, without seeking verification or identity which was available to the agents of the Internal Revenue Service. (b) Petitioner shows, on information and belief, that the deficiencies were established by reasons of personal feelings and in an attempt to harrass and pressure the petitioner. (c) Petitioner *273 shows that no attempt was made by the agents of the Internal Revenue Service to pursue this matter in a normal manner or under remedies available under the Internal Revenue Code. Respondent filed his answer on March 22, 1979 in which he denied the allegations of paragraphs 4, 5, and 6 of the petition and further affirmatively pleaded as to the income tax deficiencies and additions to the tax. Petitioner filed a reply to respondent's answer on June 22, 1979. On August 3, 1979 respondent filed a request for admissions, paragraphs numbered 1 through 21. In his response of September 21, 1979, petitioner admitted paragraphs 1 through 4 but objected to the admissions of paragraphs 5 through 21 on the grounds that responding thereto would violate his Fifth Amendment rights and may tend to incriminate him. On January 14, 1980, respondent moved (1) for review of the sufficiency of petitioner's objections to his request for admissions, and (2) upon a determination that the objections are insufficient that the Court order answers be served, and (3) upon the failure of petitioner to serve his answers that paragraphs 5 through 21 be deemed admitted pursuant to Rule 104(c). On January 14, 1980 respondent *274 also filed a motion for an order compelling petitioner to answer respondent's interrogatories served on petitioner on October 11, 1979 and if petitioner failed to do so completely that he be prohibited from introducing matters into evidence which pertain to the category, event, transaction or circumstances to which the information or response sought by the interrogatories refer. At the same time, respondent moved for partial summary judgment pursuant to Rule 121 with respect to the matters pertaining to the validity of the notice of deficiency and the determination of gross income adjustments for unidentified deposits and unidentified funds applied to loan payments and additions to the tax under section 6654(a). Petitioner filed a response to the motion for partial summary judgment on February 22, 1980. On May 14, 1980, after a hearing at which counsel for the parties were present, the Court denied respondent's Motion for Partial Summary Judgment but granted respondent's other motions by directing petitioner to serve answers to respondent's request for admissions and to answer respondent's interrogatories within 30 days and gave petitioner an opportunity to file an amended petition, *275 which petitioner's counsel advised the Court would be done. On June 18, 1980 petitioner sought additional time in which to comply with the Order of May 14, 1980, which was granted. However, on August 18, 1980, petitioner filed a statement asserting that he "has reviewed his pleadings and responses to the respondents' interrogatories and admissions and in all good conscience feels that the pleadings so filed are proper and that they are representative of his posture in this case." On September 15, 1980 the Court issued another order again giving petitioner the opportunity to file an amended petition on or before November 4, 1980. Thereafter, on October 1, 1980 respondent filed two motions to impose sanctions. The first sought to have paragraphs 5 through 21 of his request for admissions deemed admitted. The second, requested that the facts to which the information sought by respondent's interrogatories be established for purposes of this case and that petitioner be prohibited from introducing materials into evidence which pertain to the category, event, transaction or circumstances to which the designated facts refer. Petitioner's response, filed on October 27, 1980, stated that *276 respondent has the burden of proof with respect to the fraud penalty and respondent cannot avoid violating petitioner's constitutional rights by use of interrogatories or admissions. On November 5, 1980, after a hearing at which only respondent's counsel was present, respondent's motions to impose sanctions were granted. Our Order of the same date provides that: ORDERED (1) that with respect to respondent's Motion to Impose Sanctions re respondent's interrogatories that motion is granted and, within the intendment of Rule 104(c), Tax Court Rules of Practice and Procedure, the facts to which the information or response sought by respondent's interrogatories shall be taken to be established for the purposes of this case in accordance with the statutory notice of deficiency and that petitioner shall be prohibited from introducing matters into evidence which pertain to the category, event, transaction or circumstances to which the designated facts refer; and (2) that with respect to respondent's Motion to Impose Sanctions re respondent's request for admissions that motion is granted and, within the purview of Rule 104(c), the matters contained in paragraphs 5 to 21, inclusive, of *277 respondent's Request for Admissions are deemed admitted for purposes of this case. No amended petition was filed and on January 29, 1981 respondent filed a Motion for Summary Judgment. On March 10, 1981 the Court ordered petitioner to file a response to respondent's motion setting forth all the facts petitioner considers to be in dispute and petitioner's legal objections to respondent's motion. The motion was set for hearing at the trial session in New Orleans on March 30, 1981, at which time respondent in the absence of petitioner's counsel, stated that he would have no objection to petitioner's oral request for continuance. Petitioner filed no response pursuant to the Court's March 10 Order. By Order dated June 12, 1981 respondent's Motion for Summary Judgment was denied without prejudice to respondent's right to renew at a later date. On July 29, 1981 respondent again filed a Motion for Summary Judgment pursuant to Rule 121. That motion was heard on September 16, 1981, on which date respondent made his oral motion, in the alternative, for default judgment. At that hearing, counsel for both parties appeared and presented argument. Those motions are presently before the Court *278 for review. The following findings of fact are based upon the record as a whole, unreported income deemed conceded, the allegations of respondent's answer admitting allegations in the petition, the allegations of the reply admitting allegations of the answer, matters deemed admitted with respect to respondent's request for admissions by petitioner and our Order of November 5, 1980, and those facts with respect to respondent's interrogatories admitted by petitioner and those taken to be established for purposes of this case by our November 5, 1980 Order. FINDINGS OF FACT Petitioner's legal residence was 700 Claiborne Street, Pineville, Louisiana on January 22, 1979, the date on which he filed his petition. On or about April 15, 1974 petitioner and his wife [6] submitted a joint Form 1040 to the Internal Revenue Service Center, Austin, Texas for the taxable year 1973 containing only their names, address, his social security number and their signatures. No figures were provided therein but petitioner wrote the following statement across the front page: "I cannot honestly sign & fill out this form therefore take the 5th Amendment." *279 On or about April 14, 1975 petitioner submitted a Form 1040 for the taxable year 1974 consisting of 99 pages in which he disclosed no wages or other employee compensation, $10 dividend income and interest income of $27. Throughout the form petitioner inscribed "Object 5th Amendment". He reported no tax liability. On both the 1040 Form for 1973 and the 1040 Form for 1974 petitioner crossed off the jurat "Under penalties of perjury * * *" above his signature. In addition, petitioner submitted to respondent sworn and notorized statements declaring: "I have received no income during the calendar year of 1973" and "* * * of 1974", both dated November 7, 1975. Petitioner received, endorsed and deposited into his checking account at Security National Bank, Alexandria, Louisiana during 1973, 12 checks of $4,325.50 each, totalling $51,906 drawn on the account of AFCO Industries, Inc. Petitioner also received a Form 1099-MISC from AFCO Industries, Inc. for 1973 stating "other fixed or determinable income" at $51,906.00. The foregoing commission income, one-half of which is attributable to petitioner, was no reported on the 1973 Form 1040. During 1973 petitioner sold some of his *280 stock. The sales thereof are summarized as follows: Date
Description
No. of
Net Selling
of Sale
of Stock
Shares
Price
Cost
Gain
2/23/73
Temple Industries,
Inc. [7]
5,900
$111,189.70
0
$111,189.70
3/13/73
Temple Industries,
Inc.
27,821
524,724.09
0
524,724.09
7/19/73
Anglo-American
Corp. of South
Africa, Ltd.
300
2,820.07
$2,558.64
261.43
7/19/73
Lorraine Gold
Mines, Ltd.
1,000
3,761.80
845.00
2,916.80
7/19/73
Harmony Gold
Mining, Ltd.
500
3,537.63
0
3,537.63
7/19/73
Stilfontein Gold
Mining Co., Ltd.
1,000
5,117.52
0
5,117.52
7/19/73
Western Areas Gold
Mining Co., Ltd.
500
2,422.72
750.00
1,672.72
7/19/73
Vaal Reefs
Explorations &
Mining Co., Ltd.
300
7,314.80
6,000.00
1,314.80
7/19/73
West Driefontein
Gold Mining Co., Ltd.
300
11,326.68
5,172.00
6,154.68
7/24/73
Western Deep
Levels, Ltd.
100
1,762.64
1,130.63
632.01
TOTALS
$673,977.65
$16,456.27
$657,521.38
*281 Petitioner and his wife realized capital gain income of $657,521.38 during 1973, one-half of which is attributable to petitioner and none of which was reported on the 1973 Form 1040. During 1973 petitioner received stock dividends [without taking into consideration a $200 exclusion which respondent has allowed] in the following amounts, one-half of which is attributable to petitioner and none of which was reported on the 1973 Form 1040: Description of Stock
Amount
Vaal Reefs Explorations & Mining Co., Ltd.
$ 279.30
Kloof
518.00
Stilfontein Gold Mining Co., Ltd.
397.00
Western Areas Gold Mining Co., Ltd.
101.40
West Driefontein Gold Mining Co., Ltd.
738.00
Security Bank
39.00
Anglo-American Corp. of South Africa, Ltd.
47.70
United Keno
360.00
Grant Yellowknife
405.00
Western Deep Levels, Ltd.
52.40
Angola
7.40
Walcom
1,403.40
West Hold
1,378.50
President Brand Gold
1,436.00
Bracken
878.37
Free State Geduld
875.50
TOTAL
$8,916.97
Petitioner received additional income in 1973 from unidentified deposits in the amount of $65,898.71 and unidentified funds applied to loan payments in the amount of $164,781.64. None of the foregoing *282 amounts, one-half of which is attributable to petitioner, was reported on the 1973 Form 1040. During 1974 petitioner's stock sales, one-half of which is attributable to petitioner and none of which was reported on the 1974 Form 1040, were as follows: Date
Description
No. of
Net Selling
of Sale
of Stock
Shares
Price
Cost
Gain
2/21/74
United Keno
200
$2,240.71
$1,700.00
$ 540.71
3/20/74
Kloof Gold
300
6,859.27
1,237.50
5,621.77
TOTAL
$9,099.98
$2,937.50
$6,162.48
During 1974 petitioner received stock dividends, one-half of which is attributable to petitioner and only $10 of which was reported on the 1974 Form 1040, in the following amounts: Description of Stock
Amount
Grant Yellowknife
$ 810.00
United Keno
1,332.00
Security National Bank
65.00
TOTAL
$2,207.00
Petitioner received additional income in 1974 from unidentified deposits in the amount of $41,982.82 and unidentified funds applied to loan payments in the amount of $41,270.33. None of the foregoing amounts, one-half of which is attributable to petitioner, was reported by him on the 1974 Form 1040. At a November 7, 1975 meeting between *283 petitioner and respondent's agent, petitioner failed to bring any of his records even though requested to do so and refused to furnish them at any future date and refused to answer any questions regarding tax information for the taxable years 1973 and 1974. As a result respondent was required to make his determinations of income and deductions for the years herein involved solely from information obtained from third parties. Respondent's agent, on a number of occasions thereafter, attempted to meet with petitioner again to discuss respondent's proposed adjustments. A meeting was held at petitioner's home on April 29, 1977, after a copy of the revenue agent's report, explaining the proposed adjustments and sources of information, had been provided to petitioner, but petitioner again refused to furnish any records or discuss his 1973 and 1974 tax liabilities. On February 27, 1976, respondent's agents issued and served a summons on Security First National Bank of Alexandria, Louisiana, for the production of all bank records pertaining to A.K. and Kumalee B. Ammen for the calendar years 1973 and 1974. On March 10, 1976, petitioner filed a suit in the United States District *284 Court for the Western District of Louisiana [8] to enjoin the bank from complying with the summons. On the same date a temporary restraining order was imposed, but on March 18, 1976, the Court ordered that the bank produce certain documents requested by the summons. On July 30, 1976 respondent brought an action in the United States District Court for the Western District of Louisiana to enforce the summons. [9]
No criminal investigation for the taxable years 1973 and 1974 is pending against petitioner nor is one being contemplated. Petitioner failed to file Federal income tax returns for the taxable years 1973 and 1974. The Forms 1040 submitted for 1973 and 1974 did not constitute "returns". Petitioner failed to report taxable income which he received for the taxable years 1973 and 1974 in the amounts of $295,373.18 and $36,544.24, respectively. Petitioner failed to report and pay his income tax liabilities for the *285 taxable years 1973 and 1974 in the amounts of $190,615.22 and $15,667.60, respectively. Petitioner's failure to file valid income tax returns for the taxable years 1973 and 1974 was due to fraud with intent to evade taxes. A part of the understatement of tax which petitioner was required to show on an income tax return for the taxable years 1973 and 1974 is due to fraud. OPINION At the outset we feel constrained to comment briefly on petitioner's unwarranted and unjustified failure to file a proper amended petition or an adequate response to respondent's request for admissions or interrogatories. Our recital of the procedural developments in this case demonstrates to our satisfaction that petitioner was given more than an ample opportunity to respond to those documents and the Court's Orders with respect thereto. In not doing so, petitioner has totally ignored the notices and direct orders of this Court and has exhibited through such conduct complete and utter disrespect for the rules of this Court. Respondent seeks summary judgment in his favor upon the legal issues in controversy with respect to the validity of the notice of deficiency and respondent's determinations *286 of the income tax deficiencies and additions to the tax under sections 6653(b) and 6654(a). Petitioner, on the other hand, in stubbornly and adamantly refusing to properly plead and process his case in accord with specific orders of this Court and its Rules of Practice and Procedure, unfortunately concentrates his attack solely on the invalidity of the deficiency notice, i.e., his Fifth Amendment due process rights were violated by the issuance thereof and to further plead his case pursuant to specific orders of this Court again abrogates his Fifth Amendment rights in that to do so might tend to incriminate him. On this record we must and do sustain respondent's determinations. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". It is abundantly clear, upon review of the petition filed herein, the pertinent parts of which are recited hereinabove, *287 that no justiciable error has been alleged with respect to the Commissioner's determinations respecting the income tax deficiencies and the additions to the tax under section 6654(a) and no justiciable facts in support of such error are extant therein. [10] It is equally clear that no justiciable error or facts have been alleged therein respecting respondent's determination of the additions to the tax under section 6653(b). *288 Petitioner insists that no effort was made to obtain his cooperation and that the deficiencies as determined by respondent in his deficiency notice were established in an arbitrary manner as a means of harassing him. This record belies such claim. It is hard to visualize a situation where respondent has afforded a taxpayer more opportunities to participate in the determination of his Federal income tax liabilities. Notwithstanding, petitioner, without any valid legal reason, absolutely refused not only to produce his books and records when requested to do so but he wouldn't even discuss his tax matters for 1973 and 1974 with the respondent's representative. In such circumstances, the Commissioner may, in his notice of deficiency, make a determination based upon any reasonable method where a taxpayer refuses to produce his records or where those records are inadequately maintained. Holland v. United States,348 U.S. 121 (1954); Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3rd Cir. 1977). Here, respondent was compelled to resort to third-party sources to make his determinations. Hence, *289 petitioner's argument that the Commissioner's determinations were arbitrary is baseless, where, as here, he refused to cooperate in any manner in the determination of his 1973 and 1974 income tax liabilities even though respondent's agent afforded him opportunities to do so. Although petitioner would have us believe that respondent has the burden of proving the income tax deficiencies, the law is otherwise. The determinations with respect to the income tax deficiencies and additions to tax under section 6654(a) made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner [not respondent] to show that those determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). See and compare, Chaum v. Commissioner,69 T.C. 156, 163-164 (1977). Petitioner has simply failed to raise any factual issue relating to respondent's income tax deficiency determinations. In sharp contrast, respondent through the affirmative allegations of his answer that were admitted, his requests for admissions that were deemed admitted and his interrogatories that were taken to be established has affirmatively shown *290 the existence of those deficiencies and additions to tax under section 6654(a). Petitioner's Fifth Amendment contentions, in the face of this record, border on the frivolous. They have been fully considered and discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other Courts. [11] "The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely". Wilkinson v. Commissioner,71 T.C. 633, 638 (1979). Here, respondent has advised the Court that he has no knowledge of any criminal investigation (respecting the years 1973 and 1974) pending against petitioner and he has no knowledge that such an investigation is even contemplated. Petitioner does not contend to the contrary. Related to petitioner's Fifth Amendment argument is his claim that respondent's determinations, made without access to his books and records, is arbitrary. We rejected a similar claim in Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), *291 affd. in an unpublished order (9th Cir., March 14, 1973), where we held that the taxpayer's "apparently baseless claim of the protection of the self-incrimination provisions of the fifth amendment cannot stand in the way of a determination of [his] civil tax liability". Moreover, petitioner's contention that, because the notice of deficiency was not based on an examination of his books and records, the burden of proof should be shifted to respondent, is without merit. Roberts v. Commissioner,62 T.C. 834, 838 (1974). As to the fraud issue, the burden of proof is upon respondent. He must show by clear and convincing evidence that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Brittingham v. Commissioner,66 T.C. 373, 403 (1976), affd. 598 F.2d 1375 (5th Cir. 1979); [12]Imburgia v. Commissioner,22 T.C. 1002 (1954). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed *292 to be owing. Marsellus v. Commissioner,544 F.2d 883, 885-886 (5th Cir. 1977); Webb v. Commissioner,394 F.2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Mitchell v. Commissioner,118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). This intent may be inferred from circumstantial evidence. Powell v. Granquist,252 F.2d 56, 61 (9th Cir. 1958); Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Petitioner reported no figures for income or deductions on the Form 1040 submitted for 1973 and deminimus amounts of income ($10 for dividends and $27 for interest) on the Form 1040 submitted for 1974. On both forms he took the Fifth Amendment. Neither constituted a "return" for purposes of the Internal Revenue Code. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), *293 cert. denied 400 U.S. 824 (1970). Even where a Form 1040 is submitted reporting deminimus amounts of interest and dividend income, the Court has found that form to be "tantamount to no return at all". United States v. Brown,600 F.2d 248, 251 (10th Cir. 1979), cert. denied 444 U.S. 917 (1979). United States v. Moore,627 F.2d 830 (7th Cir. 1980), cert. denied 450 U.S. 916 (1981). [13] While it is not conclusive, however, the failure to file tax returns is persuasive circumstantial evidence of fraud. Marsellus v. Commissioner,supra at 885. Evidence of a failure to report income, standing alone, is not ordinarily sufficient to establish fraud. Merritt v. Commissioner,301 F.2d 484 (5th Cir. 1962), affg. a Memorandum Opinion of this Court. [14]Jones v. Commissioner,259 F.2d 300 (5th Cir. 1958), revg. 25 T.C. 1100 (1956). However, a consistent and intentional understatement of income, as here, is an important indication of fraud, which, *294 when accompanied by other so-called badges of fraud, constitutes clear and convincing evidence that the proven understatements are the product of an intent to evade tax. Cefalu v. Commissioner,276 F.2d 122, 129 (5th Cir. 1960); Merritt v. Commissioner,supra;Vannaman v. Commissioner,54 T.C. 1011 (1970). The record in this case contains ample evidence of other indicia of fraud from which the intent to evade tax may be inferred. Petitioner failed to file Federal income tax returns and to report thereon substantial amounts of income for two consecutive years. He was uncooperative and purposely attempted to hinder respondent's revenue agent in the course of his audit and he refused to disclose any information or furnish any records. See Lord v. Commissioner,525 F.2d 741 (9th Cir. 1975); Powell v. Granquist,supra at 91; Lollis v. Commissioner,595 F.2d 1189 (9th Cir. 1979); *295 Otsuki v. Commissioner,53 T.C. 96 (1969); Bowser v. Commissioner,T.C. Memo. 1980-483; Dunn v. Commissioner,T.C. Memo. 1978-204. In addition, he tried to prevent the revenue agent from obtaining the information from third parties by filing suit against Security First National Bank of Alexandria, Louisiana to enjoin it from producing bank records.Petitioner also submitted sworn and notorized statements to respondent declaring that he received no income during the calendar years 1973 and 1974. It is clear beyond doubt that those statements were false. See Cook v. Commissioner,T.C. Memo. 1980-415, and Forbush v. Commissioner,T.C. Memo. 1979-214, where we found false claims of extra withholding exemptions filed to be badges of fraud. Rule 121 provides in pertinent part: (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. Such motion may be made at any time commencing 30 days after the pleadings are closed but within such time as not to delay the trial. [15]
*296 (b) Motion and Proceedings Thereon: The motion shall be filed and served in accordance with the requirements otherwise applicable. See Rules 50 and 54. An opposing written response, with or without supporting affidavits, shall be filed not later than 10 days prior to the date set for hearing. A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case. (Emphasis added.) Respondent's summary judgment motion is well supported by this record. His requests for admissions that have been deemed admitted [16] and the facts pertaining to his interrogatories that were deemed established are appropriate procedures for establishing fraud. Rule 121(b). [17]
*297 Here petitioner has refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings and those matters deemed admitted or established for purposes of this case, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law not only with respect to the income tax deficiencies and additions to the tax under section 6654(a) but also with regard to the additions to the tax under section 6653(b).[18] Respondent's Motion for Summary Judgment will be granted. Decision will be entered for the respondent.
Footnotes
1. Since these are pretrial motions and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise provided. ↩
4. A portion of the income tax deficiency is attributable to self-employment tax determined to be due for the taxable years 1973 and 1974 as follows: $864.00 and $1,042.80, respectively.↩
5. Throughout 1973 and 1974 petitioner was a legal resident of the State of Louisiana. Gross income earned by a husband and a wife domiciled in Louisiana is taxable one-half to each spouse, irrespective of who earned the income. United States v. Mitchell,403 U.S. 190 (1971); La. Civ. Code Ann. arts. 2334, 2402 (West 1971) (repealed 1979), now see La. Civ. Code Ann. arts. 2336, 2338↩ (West Supp. 1982).
6. Petitioner's spouse, Kumalee B. Ammen, is petitioner in a related case, docket No. 982-79 involving the same tax years present herein and which has been submitted to the Court. See Ammen v. Commissioner,T.C. Memo. 1982-477↩, decided this day.
7. Petitioner owned 56,360 shares of AFCO Industries, Inc. stock as of December 1, 1972. AFCO Industries, Inc. merged with Temple Industries, Inc. in December, 1972. Petitioner was issued 43,721 shares of Temple Industries, Inc. on or about February 18, 1973 in exchange for the surrender of his 56,360 shares of AFCO Industries, Inc. stock.↩
8. A.K. Ammen and Kuma Lee Ammen v. Security First National Bank,↩ C.A. No. 760268. 9. United States of America and Jimmy E. Hammond, Revenue Agent of the Internal Revenue Service v. Security First National Bank of Alexandria,↩ C.A. No. CI760807.
10. In such posture and at the very least with respect to the Commissioner's determinations of the income tax deficiencies and the additions to tax under sec. 6654(a), we think the following language of Rule 34(b)(4) is dispositive thereof--"Any issue not raised in the assignments of errors shall be deemed to be conceded". See Pebley v. Commissioner,T.C. Memo. 1981-701. We observe that petitioner has been represented by counsel admitted to practice before this Court commencing with the filing of the petition. At no point in this proceeding has an appropriate factual issue been joined. Rather, petitioner contents himself with raising a meritless attack on the validity of the deficiency notice and a frivolous Fifth Amendment↩ plea.
11. See Rogers v. United States,340 U.S. 367, 374 (1951); Brown v. Walker,161 U.S. 591, 599-600↩ (1896).
12. We note that venue on appeal in this case would lie in the United States Court of Appeals for the Fifth Circuit.↩
13. See Jarvis v. Commissioner,78 T.C. 646↩ (1982), and cases cited therein.
14. This is so because in order to impose the fraud penalty it must be shown that the taxpayer is motivated by "a specific purpose to avoid a tax known to be owing". Tomlinson v. Lefkowitz,334 F.2d 262, 265↩ (5th Cir. 1964).
15. The pleadings were closed herein long prior to the date respondent filed his summary judgment motion now under consideration. Rules 34, 36, 37, 38, 41, and 121.↩
16. Any matter admitted under Rule 90 is conclusively established. Rule 90(e). See Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954↩ (5th Cir. 1978). 17. See Syas v. Commissioner,T.C. Memo. 1981-439; Bachman v. Commissioner,T.C. Memo. 1980-517; Cook v. Commissioner,T.C. Memo. 1980-415; Reynolds v. Commissioner,T.C. Memo. 1977-181. Cf. Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928↩ (1958).
18. In view of our disposition of respondent's Summary Judgment Motion, we leave for another day the resolution of respondent's oral motion for a default judgment. Accordingly, that motion will be denied.↩