**Thomas C. HARRISON and Rita Harrison, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 87–2350.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1988.

Decided Aug. 15, 1988.

Philip W. Sandler, Chicago, Ill., for petitioners-appellants.

Janet Kay Jones (Michael L. Paup, Chief), Appellate Sec. Tax. Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before WOOD, Jr., CUDAHY, and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Petitioners-appellants, Thomas C. Harrison and Rita Harrison (the Harrisons), filed a petition in the United States Tax Court in order to contest the purported deficiency set forth in a notice of deficiency issued by respondent-appellee, Internal Revenue Service (IRS), prior to completion of an audit. When the audit was eventually concluded, the IRS conceded that there was no deficiency due from the Harrisons. The Harrisons then sought an award of litigation costs pursuant to section 7430 of the Internal Revenue Code, 26 U.S.C. § 7430. The Tax Court denied their motion. The Harrisons have appealed that denial.

## I. FACTUAL BACKGROUND

During 1980, Thomas Harrison was a limited partner in Triangle Village Associates, Ltd. (Triangle), a New Jersey limited real estate partnership. On their 1980 income tax return the Harrisons reported a net loss in the amount of $47,278, representing Thomas Harrison's distributive share of the loss from the partnership. The Harrisons also claimed an investment tax credit from Triangle in the amount of $35.

The IRS conducted an examination of Triangle's partnership tax return for the calendar years 1979, 1980, and 1981. The

same degree of precision in the record before this court.

IRS informed the Harrisons that it was auditing Triangle's 1980 tax return, and that therefore the Harrisons' tax return for 1980 was also placed under examination.

As of April, 1984, the IRS had not yet completed its audit of Triangle's partnership returns. Accordingly, on April 2, the IRS sent to the Harrisons a consent form and requested that they execute it promptly in order to extend the statute of limitations on the 1980 tax return. Absent the consent, the statute was due to expire on April 15, 1984. On April 4, the Harrisons executed and mailed the consent to the IRS. The IRS, unfortunately, never received the document. Thus, on April 11, faced with the imminent expiration of the statute of limitations, the IRS issued a notice of deficiency to the Harrisons.[1] The notice informed the Harrisons that they owed an additional $25,347 in tax for the year 1980 because the IRS was disallowing the investment tax credit and the loss deduction claimed from Triangle's activities. The notice informed the Harrisons that

> you have not substantiated that the entity was engaged in an activity entered into for profit or that deductible expenses were incurred by the entity in excess of its income. Furthermore, you have failed to establish any basis in the entity which would permit you to deduct an otherwise distributable loss.

On June 6, the Harrisons timely filed a petition in the Tax Court seeking relief from the entire deficiency assessed for 1980. The IRS filed an answer generally denying the Harrisons' allegations.

On November 28, the IRS concluded the audit of Triangle's partnership return. It issued a "no-change" letter for the calendar year 1980 which indicated that the return was accepted as filed and that no deficiency was found.

On December 17, the Harrisons' attorney contacted the IRS's counsel to advise counsel that the IRS had determined that no deficiency existed. This communication was the first between the parties since the notice of deficiency was issued. The IRS's district counsel agreed to concede the government's case against taxpayers subject to verification. During this conversation the district counsel and the Harrisons' attorney agreed to report the case as a "probable settlement" on the Tax Court's trial status report.

During the following month the district counsel verified the status of Triangle's audit and obtained a copy of the letter confirming the completion of the partnership audit without adjustment to its return. The parties then filed a stipulation with the Tax Court in which the IRS conceded the deficiency in full.

Following the IRS's concession, the Harrisons moved for litigation costs under section 7430 of the Internal Revenue Code. After holding a hearing, the Tax Court denied the Harrisons' motion on May 21, 1987. They filed notice of appeal on August 18.

## II. DISCUSSION

### A. Issues

The Harrisons argue that the Tax Court erred in denying their motion for litigation costs because the IRS took an unreasonable position in the civil proceeding by arbitrarily issuing the notice of deficiency. They also contend that their litigation costs include all of their attorneys' fees and costs incurred both in the Tax Court and for this appeal. Because we affirm the Tax Court's decision, we need not reach the second issue.

### B. Award of Costs under Section 7430

Section 7430 of the Internal Revenue Code authorizes an award of litigation costs to a party who substantially prevails in civil tax litigation in the federal courts.[2]

---

1. The IRS would no longer be able to assess a deficiency against a partner based on an uncompleted partnership audit. 26 U.S.C. § 6225.

2. At the time the Harrisons filed their petition, section 7430 stated in pertinent part as follows:

> (a) *In general.*—In the case of any civil proceeding which is—
> (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

In order to be eligible for an award, the party must establish that the position of the United States in the civil proceeding was unreasonable. The Tax Court found that in determining the reasonableness of the government's position in this case, the government's in-court litigating position was dispositive.[3]

We agree with the Tax Court that the government's conduct of the litigation and the position it took was reasonable. The taxpayers have the burden of proving unreasonableness, a burden which they have failed to carry. Tax Ct.R. 232(e).

The Harrisons filed their petition in June, 1984, and the IRS filed its answer denying the Harrisons' allegations in July. On December 17, 1984, after being informed that the partnership's audit had resulted in a "no-change" letter, the IRS district counsel informed the Harrisons' attorney that the IRS would concede the case subject to verification. The IRS formally conceded its case within a month. The IRS took the position of conceding the case as soon as it received and verified information demonstrating that that was the proper course. This was a reasonable position. As the Eleventh Circuit reasoned in *Ashburn v. United States*, 740 F.2d 843 (11th Cir.1984), "[t]he government should not be compelled to decide immediately upon service of the complaint whether to concede or pursue the case." *Id.* at 850 (award of fees under the Equal Access to Justice Act); *see also Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613 (11th Cir.1986) (government's litigating position reasonable when it settled case after filing suit); *White v. United States*, 740 F.2d 836, 842 (11th Cir.1984) (government's concession of issue three months after issue raised was reasonable); *Baker v. Commissioner*, 83 T.C. 822, 828 (1984), *vacated on other grounds*, 787 F.2d 637, 644 (D.C.Cir.1986) (concession of a case does not automatically mean that the conceding party's position in the civil proceeding was unreasonable).

The taxpayers asserted below that the IRS acted unreasonably in failing to request information from the taxpayers between the time they filed their petition and

---

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

. . . .

(c) *Definitions.*—For purposes of this section—

. . . .

(2) *Prevailing party.*—

(A) *In general.*—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

(B) *Determination as to prevailing party.*—Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—

(i) by the court, or

(ii) by agreement of the parties.

The Tax Court found that although section 7430 has been amended by section 1551 of the Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2752 (1986), cases which commenced before January 1, 1986, as did this one, are governed by section 7430 as it was in effect before January 1, 1986. The current version of section 7430 defines a prevailing party as one that "establishes that the position of the United States in the civil proceeding was not substantially justified." 26 U.S.C. § 7430(c)(2)(A).

3. The Tax Court, and the Eighth, Tenth, Eleventh and District of Columbia Circuits have analyzed section 7430 challenges in this way. *See Wickert v. Commissioner*, 842 F.2d 1005, 1008 (8th Cir.1988); *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613 (11th Cir.1986); *Baker v. Commissioner*, 787 F.2d 637, 641–42 (D.C.Cir. 1986); *United States v. Balanced Fin. Management*, 769 F.2d 1440, 1450 (10th Cir.1985); *Baker v. Commissioner*, 83 T.C. 822, 827 (1984), *vacated on other grounds*, 787 F.2d 637, 641 (D.C.Cir.1986). Other circuits have concluded that the position of the United States in a civil proceeding includes its administrative position. *See Weiss v. Commissioner*, 850 F.2d 111 (2d Cir.1988); *Sliwa v. Commissioner*, 839 F.2d 602, 607 (9th Cir.1988); *Powell v. Commissioner*, 791 F.2d 385, 390 (5th Cir.1986); *Kaufman v. Egger*, 758 F.2d 1, 4 (1st Cir.1985). The Seventh Circuit has not yet addressed this issue, and we need not do so here, because it appears to us that the IRS's position, both prior to and during litigation, was not unreasonable.

the time the IRS conceded the case. As the Tax Court found, however, it was the Harrisons' responsibility to come forward with evidence of the IRS's error. Tax Ct. R. 142(a). They failed to do so, and seem to have abandoned this claim on appeal. The Harrisons also contended that the IRS took an unreasonable position by insisting upon verification of the status of the partnership audit before conceding the case. The Tax Court found that this argument was meritless, and we agree. The Harrisons have failed to pursue this claim on appeal. As far as the IRS's litigating position is concerned, the Harrisons have failed to demonstrate that the IRS was less than completely reasonable in its actions.

The Harrisons on appeal seem to focus exclusively on the government's position before the Harrisons filed their petition. The Tax Court declined to rule on these prepetition arguments because of its finding that section 7430 dealt only with the government's litigation position. We discuss these arguments only briefly.

The Harrisons contend that the IRS improperly issued a notice of deficiency arbitrarily, disallowing the Harrisons' entire loss for the sole purpose of protecting itself from the expiration of the statute of limitations. Even if this were shown to be true, it would not be an unreasonable action for the IRS to take.

In *Chaum v. Commissioner*, 69 T.C. 156 (1977), the IRS issued a notice of deficiency to toll the running of the statute of limitations after the taxpayers refused to consent to an extension. The Tax Court rejected the taxpayers' arguments that the IRS's action was arbitrary and that the IRS should have the burden of proving otherwise. *Id.* at 160–64. In *Wasie v. Commissioner*, 86 T.C. 962 (1986), the Tax Court found that the IRS had acted reasonably in issuing a notice of deficiency where the taxpayer had refused to extend the statute of limitations. *Id.* at 969. In *Roberts v. Commissioner*, 62 T.C. 834 (1974), the taxpayer argued that the IRS cannot find a deficiency merely because a taxpayer does not furnish to it proof of the taxpayer's claim. The taxpayer contended that the

IRS may assess deficiencies only when it has specific information that a deduction is not permitted. The Tax Court found no merit in this position, noting that "[t]axpayers have no inherent right to deductions; they are matters of legislative grace." *Id.* at 836.

Although the Harrisons apparently did not refuse to extend the statute of limitations, the Tax Court found that the IRS did not receive their consent form. Therefore, the government acted reasonably in attempting to preserve its right to conduct a full investigation before making a final determination on whether it should allow the Harrisons' deduction.

The Harrisons suggest that *Mearkle v. Commissioner*, 838 F.2d 880 (6th Cir.1988), supports their position that the IRS cannot arbitrarily issue a notice of deficiency and determine the facts later. We disagree. In *Mearkle*, the Commissioner relied on a proposed regulation in disallowing the taxpayers' deduction for a home office. The underlying statute limited home office deductions to "gross income" derived from the business conducted out of the home office. The proposed regulation purported to define gross income as a net figure derived after subtracting some business expenses, a definition that eliminated the deduction for the taxpayers. The taxpayers filed a petition for redetermination of the deficiency. While their petition was pending, the Tax Court released an opinion in another case finding that the proposed regulation was inconsistent with the statute. The Sixth Circuit found that the Commissioner's continued reliance on a proposed regulation "which he knew, or should have known, was patently invalid" was not reasonable. *Id.* at 883.

The circumstances here are not comparable. Rather than forcing a taxpayer to choose between acceding to a regulation that had been held to be invalid or going to the expense of contesting it, the Commissioner here simply asked for more time in order to investigate the basis of a claimed deduction. Because the IRS did not receive the Harrisons' consent to an extension of time, its action in finding a deficiency in

order to toll the statute of limitations was reasonable. *Mearkle* does not suggest otherwise.

We find that even if the Tax Court had considered the IRS's prepetition position in determining whether the Harrisons were entitled to recover litigation costs under section 7430, the result would have been the same. The IRS's position throughout the parties' dealings was reasonable.

### III. CONCLUSION

The Harrisons have failed to demonstrate that the IRS took an unreasonable position either before or during litigation of their claim. Therefore, we affirm the Tax Court's denial of litigation costs to the Harrisons under section 7430.

AFFIRMED.