RUSSELL W. HARRISON, JR., AND MARGARET L. HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 2234-94
United States Tax Court
T.C. Memo 1995-295; 1995 Tax Ct. Memo LEXIS 299; 69 T.C.M. (CCH) 3060; June 29, 1995, Filed *299 James C. Underhill, Jr., for petitioners. Virginia L. Hamilton, for respondent. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on petitioners' motion for award of reasonable litigation costs pursuant to section 7430 [1] and Rules 230 through 232. Petitioners resided in Colorado at the time their petition was filed. Respondent determined deficiencies against petitioners of $ 10,104 for the taxable year 1989 and $ 8,621 for the taxable year 1990. Respondent determined penalties under section 6662 in the amount of $ 2,021 for the taxable year 1989 and $ 1,724 for the taxable year 1990. When the case was called for trial, the parties reported that the entire case had been settled. The stipulation of settlement reflects a deficiency of $ 836 for the taxable year 1989 and $ 428 for the taxable year *300 1990 and a penalty for the taxable year 1989 of $ 112. In order to be awarded litigation costs, petitioners must show that: (1) They exhausted all administrative remedies, (2) they met the net worth requirement of section 7430(c)(4)(A)(iii), (3) they have substantially prevailed with respect to the amount in controversy or most significant issues, and (4) the position of respondent was "not substantially justified". Sec. 7430. Respondent concedes that petitioners satisfy conditions (1) through (3), leaving for decision the issue of substantial justification for respondent's position. The determination of reasonableness of respondent's position is based on all the facts and circumstances. See Don Casey Co. v. Commissioner, 87 T.C. 847, 858 (1986). If that question is resolved in favor of petitioners, there is a further question as to the amount of the litigation costs and their allocation between petitioners. A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person", Pierce v. Underwood, 487 U.S. 552, 565 (1988). It is not enough that a position simply has enough *301 merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact". Pierce v. Underwood, supra at 564. The burden of proving no substantial justification is on the taxpayers. Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993). Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Government's position can be justified even if ultimately rejected by the court. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993). The fact that respondent did not prevail in the underlying litigation does not require a determination that the position of the Internal Revenue Service was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); however, it remains *302 a factor to be considered, Heasley v. Commissioner967 F.2d 116, 120 (5th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). Respondent's position in the case herein was that petitioners did not engage in their horse-related activities for profit under section 183. In the analysis of a case under section 183, the determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411 (1979), affg. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. In making this determination, more weight is accorded to objective facts than to the taxpayer's statement of intent. Siegel v. Commissioner, 78 T.C. 659, 699 (1982); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Section *303 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine criteria normally considered for this purpose. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which were earned; (8) the financial status of the taxpayer; and (9) the presence of elements of personal pleasure or recreation. No single factor, nor the existence of even a majority of the factors, is controlling. Golanty v. Commissioner, supra at 426; Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affg. 615 F.2d 578 (2d Cir. 1980). Petitioners' horse-related activities are typical hobby type activities. Petitioners had substantial losses from the outset of their activity, which were continuing *304 at the time of the Internal Revenue Service's examination. While petitioners did show a profit on their 1991 Federal income tax return, this profit was generated only because petitioners failed to take into account the depreciation deductions attributable to their horse-related activities for that year. Such profit could not, therefore, be considered a factor supporting a profit motive. Petitioners also had another source of income from petitioner Russell's employment as an engineer at Martin Marietta and from his military pension. Moreover, there are obvious elements of personal pleasure often associated with horse-related activities. Based on these factors, it was reasonable for respondent to conclude that petitioners were generating hobby losses from their horse-related activities. It was only after respondent discussed petitioners' operations with other individuals in the locality who were also involved in horse training, boarding, and horseback riding lessons that it became apparent that petitioners had a profit motive. Because of the very nature of the inquiry into section 183 type activities, such investigation is often necessary before it becomes clear that the activity was *305 engaged in for profit. The "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative and judicial proceedings. See sec. 7430(c)(7). A judicial proceeding in this Court is commenced with the filing of a petition. Rule 20(a). Generally, respondent initially takes a position on the date she files her answer in response to the petition. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144. Respondent filed her answer in this case on April 11, 1994. The concession of the section 183 issue occurred 4 1/2 months after respondent filed her answer. Respondent is entitled to a reasonable period of time in which to analyze documentation and modify her position. Sokol v. Commissioner, 92 T.C. 760, 765 n.10 (1989); Harrison v. Commissioner, 854 F.2d 263 (7th Cir. 1988), affg. T.C. Memo. 1987-52. In Harrison, the court held that respondent's concession some 6 months after the *306 answer was filed, after respondent had an opportunity to verify information, was reasonable. Respondent conceded the section 183 issue in the case herein in 4 1/2 months. This is most certainly within the boundaries of a reasonable period of time. We conclude that respondent's position had a reasonable basis in both law and fact. Pierce v. Underwood, supra. Accordingly, we hold that respondent's position was substantially justified and that petitioners are not entitled to litigation costs under section 7430. Petitioner's motion will, therefore, be denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩