T.C. Memo. 1997-60


UNITED STATES TAX COURT


BRYAN J. BRENNAN and KATHRYN J. BRENNAN,a.k.a. KATHRYN J. LAW,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No 24167-95.                    February 3, 1997.


W. Curtis Elliott, Jr., for petitioners.

David A. Winsten, for respondent.


MEMORANDUM OPINION


FAY, Judge:  This case is before the Court on petitioners'
motion for award of reasonable litigation costs pursuant to
section 7430[1] and Rules 230 through 232, filed June 10, 1996.

---

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
                                        (continued...)

Petitioners resided in Aloha, Oregon, at the time their petition was filed.

Background

Petitioner Bryan Brennan became an Amway distributor in 1987. Amway produces various household products that it sells through direct marketing efforts of distributors such as petitioner. Distributors purchase products and receive bonuses from Amway, based on the volume of Amway products sold by them. Distributors also recruit other people to be Amway distributors (downstream distributors). Amway distributors earn additional bonuses from Amway, based on the sales volume of the products sold by their downstream distributors.

By a statutory notice of deficiency dated September 1, 1995, respondent determined deficiencies in petitioners' Federal income taxes of $7,442 for the taxable year 1992 and $16,900 for the taxable year 1993. Respondent disallowed deductions related to petitioners' Schedule C Amway distributorship because respondent determined that the Amway distributorship was not a business operated for profit. In the alternative, respondent determined that petitioners had failed to substantiate a few of their Schedule C business deductions.

Petitioners filed a petition in this Court on November 20, 1995. By order dated January 16, 1996, the case was calendared

[1](...continued)
indicated.

for trial in Spokane, Washington, during the trial session beginning on June 10, 1996.

Prior to trial, on March 22, 1996, petitioners filed a motion for partial summary judgment as to whether the requisite profit motive existed in the operation of their Amway business. In conjunction with the motion for partial summary judgment, petitioners provided additional information to respondent relating to their Amway business.

On June 10, 1996, the parties filed a stipulation of settlement. The stipulation of settlement reflects deficiencies of $269 and $294 for the taxable years 1992 and 1993, respectively. On June 10, 1996, petitioners filed a motion for award of reasonable litigation costs.

<u>Discussion</u>

In order to be awarded litigation costs, petitioners must show that: (1) They exhausted all administrative remedies; (2) they met the net worth requirement of section 7430(c)(4)(A)(iii); (3) they have substantially prevailed with respect to the amount in controversy or the most significant issue presented; and (4) the position of respondent was "not substantially justified". Sec. 7430.

Respondent concedes that petitioners satisfy conditions (1) through (3), leaving for decision the issue of substantial justification for respondent's position. Petitioners' motion for award of reasonable litigation costs was filed prior to the

enactment of the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463 (1996).  They bear the burden of proving that respondent's position in the proceedings was not substantially justified.  Sec. 7430(c)(4)(A)(i); Rule 232(e).

A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).  It is not enough that a position simply has enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact".  Id.

Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents.  Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  The inquiry must be based on the facts reasonably available to respondent when the position was maintained.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990).  The fact that respondent did not prevail in the underlying litigation does not require a determination that the position of the Internal Revenue Service was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); however, it remains a factor to be considered.  Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part and remanding T.C. Memo.

1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).

Respondent's position in this case was that petitioners did not engage in their Amway activities for profit under section 183. In the analysis of a case under section 183, the determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. In making this determination, more weight is accorded to objective facts than to the taxpayer's statement of intent. Siegel v. Commissioner, 78 T.C. 659, 699 (1982); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine factors normally considered in determining the existence of the requisite profit objective. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which were earned; (8) the financial status of the taxpayer; and

(9) the presence of elements of personal pleasure or recreation. No single factor, nor the existence of even a majority of the factors, is controlling. Golanty v. Commissioner, supra at 426; Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980).

Respondent has successfully litigated the section 183 "for profit" issue in other cases involving Amway distributorships. Specifically, previous cases demonstrate that there are significant elements of personal pleasure attached to the activities of an Amway distributorship. See Rubin v. Commissioner, T.C. Memo. 1989-290. Further, an Amway distributorship presents taxpayers with opportunities to generate business deductions for essentially personal expenditures. See Elliott v. Commissioner, 90 T.C. 960 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990); Poast v. Commissioner, T.C. Memo. 1994-399. With this in mind, we consider the facts of the case herein.

Ordinarily, respondent initially takes a litigating position on the date she files her answer to the petition. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part on other grounds and remanding T.C. Memo. 1991-144. Therefore, we begin by reviewing the facts reasonably available to respondent on December 22, 1995, the date she filed her answer to the petition, in order to evaluate the reasonableness of respondent's position. Id. Petitioners had suffered yearly losses from 1987 to 1994, which, as a general trend, grew

as time progressed. In 1992 and 1993, however, petitioners earned substantial amounts of income from sources other than Amway. Additionally, petitioners did not provide respondent with either a business plan or profit projections[2]. Finally, as noted above, many activities associated with an Amway distributorship have been found to contain significant elements of personal pleasure and benefit. Based upon prior cases and the facts available to her in this case, respondent reasonably took the position in the answer that petitioners did not operate their Amway distributorship with the objective of making a profit.

As respondent pursued her investigation, she learned more facts concerning petitioners' Amway operation. In response to discovery requests, petitioners provided respondent with documents substantiating their expenditures. Through affidavits given by petitioners, respondent learned that petitioners were receiving extensive guidance from a more experienced Amway distributor. Perhaps most significantly, in March 1996, respondent learned that petitioners reported a small profit from the activity for 1995. Upon learning this information, respondent reviewed her earlier position. Settlement negotiations were

---

[2]Respondent attached a one-page document to her notice of objection to petitioners' motion for award of reasonable litigation costs filed July 10, 1996. Petitioners had provided this document to the revenue agent. Petitioners claim that the document represents the profit projections of their Amway business. We agree with respondent's characterization of the document as indecipherable.

commenced in April 1996, and respondent conceded the for profit issue in May 1996.

Respondent is entitled to a reasonable period of time in which to review documentation and modify her position. Sokol v. Commissioner, 92 T.C. 760, 765 n.10 (1989); Harrison v. Commissioner, 854 F.2d 263 (7th Cir. 1988), affg. T.C. Memo. 1987-52. In Harrison v. Commissioner, supra, the Court held that respondent's concession, some 6 months after she filed her answer, was reasonable. In this instance, respondent conceded the section 183 issue 5 months after she filed her answer and within 2 months after the information described above was brought to respondent's attention. This concession falls within the boundaries of a reasonable period of time.

We conclude that respondent's position had a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552 (1988). Accordingly, we hold that respondent's position was substantially justified and that petitioner is not entitled to litigation costs under section 7430. Petitioners' motion will therefore be denied.

An appropriate order and decision will be entered.