T.C. Memo. 1999-120


UNITED STATES TAX COURT


JUNG SIK AND BOK S. LIM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17433-97.                      Filed April 6, 1999.


<u>Matthew J. McCann</u>, for petitioners.

<u>Wendy L. Wojewodzki</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This matter is before the Court on

petitioners' motion for award of litigation costs pursuant to

section 7430[1] and Rule 231.

_____

[1] References to sec. 7430 in this opinion are to that
section as amended by the Taxpayer Bill of Rights 2, Pub. L. 104-
168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective with
                                        (continued...)

All section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Petitioners requested an evidentiary hearing; however, after considering the record and the parties' memoranda we concluded that a hearing is not necessary to reach our decision. See Rule 232(a)(1). The relevant facts are taken from the record and the parties' memoranda. At the time the petition was filed, petitioners resided in Temple Hills, Maryland.

After concessions,[2] the issues for our consideration are: (1) Whether respondent's position in the litigation proceedings was substantially justified; and (2) whether petitioners unreasonably protracted the proceedings.

---

[1](...continued)
respect to proceedings commenced after July 30, 1996. The amendments to that section shift to the Commissioner the burden of proving that the position of the United States was substantially justified, sec. 7430(c)(4)(B).

A judicial proceeding is commenced in this Court with the filing of a petition. See Rule 20(a). Petitioners filed their petition on Aug. 20, 1997. Accordingly, the 1996 amendments to sec. 7430 are applicable here. See Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997).

[2] Respondent has conceded that petitioners substantially prevailed, exhausted their administrative remedies, and met the net worth requirements. In addition, respondent conceded that his position after the calendar call of May 18, 1998, was not substantially justified. Both parties agree that the hourly rate at which attorney's fees should be awarded is limited to $120 per hour.

## Discussion

A. General Background

Respondent determined a deficiency in petitioners' 1993 Federal income tax of $8,909. Respondent conceded all adjustments determined in the notice of deficiency, and the remaining issue for trial concerned whether petitioners were entitled to an overpayment. To answer that question we had to decide whether the interest paid by petitioners was deductible as business interest. If deductible as business interest, petitioners would have been entitled to certain deductions that they had not claimed on their returns, and an overpayment. The matter was decided in petitioners' favor. See Lim v. Commissioner, T.C. Memo. 1998-432, filed December 10, 1998.

Section 7430 provides for the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of administrative or litigation costs may be made where the taxpayer: (1) Is the prevailing party, (2) exhausted available administrative remedies,[3] and (3) did not unreasonably protract

---

[3] This requirement does not apply to an award for reasonable administrative costs. See sec. 7430(b)(1).

the administrative or judicial proceeding.  Sec. 7430(a), (b)(1), (3).

To be a "prevailing party", a taxpayer must (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) meet the net worth requirements of 28 U.S.C. section 2412(d)(2)(B).  See sec. 7430(c)(4)(A)(i) and (ii).  A taxpayer will not be treated as a prevailing party, however, if the United States established that its position was substantially justified.  See sec. 7430(c)(4)(B).

B.  Substantial Justification

As we stated earlier, respondent concedes that petitioner substantially prevailed and met the net worth requirements. Moreover, respondent concedes that his position after the calendar call on May 18, 1998, was not substantially justified. The parties primarily dispute at what point in the litigation proceedings respondent's position was no longer substantially justified.

Petitioners contend that respondents' position was not substantially justified from the time of the issuance of the notice of deficiency.  Accordingly, petitioners claim legal expenses for the period beginning with the preparation and filing of their petition.  Respondent asserts that his position was

substantially justified until the case was called for trial at the May 18, 1998, calendar.

The notice of deficiency was sent to petitioners on May 23, 1997. Respondent's Appeals officer requested a meeting with petitioners' representative in a letter dated February 2, 1998. Petitioners' counsel replied that a meeting was inconvenient at that time but that documents could be provided by mail. The Appeals officer agreed and provided counsel with a list of needed information. The requested information was not provided until April 14, 1998.

After a timely review of the requested information, respondent's Appeals officer concluded on May 1, 1998, that petitioners were entitled to a refund and forwarded a proposed settlement computation to petitioners' counsel. Petitioners' counsel indicated his agreement by return facsimile that same day.[4] On May 11, 1998, however, petitioners' counsel was advised by the Appeals officer that his supervisor refused to approve the proposed settlement. The case was forwarded to the Internal Revenue Service (IRS) District Counsel on May 11, 1998, 1 week before calendar call.

Shortly after being informed that there would be no settlement with the IRS Appeals Office, petitioners' counsel

---

[4] Although the settlement proposal required petitioners to concede deductions to which they were arguably entitled, the settlement was accepted to avoid the further expense of trial.

advised that litigation costs would be requested if the case could not be resolved quickly. At a May 15, 1998, trial preparation conference, the parties discussed a settlement under which respondent would allow the requested overpayment, and petitioners would agree not to assert a claim for attorney's fees. Petitioners decided not to accept the settlement and to proceed to trial.

The Commissioner's position is substantially justified if that position could satisfy a reasonable person and if it has a reasonable basis in both fact and law. See Pierce v. Underwood, 487 U.S. 552, 565 (1988). We examine the facts known to the Commissioner at the time the position was taken. See Maggie Management Co. v. Commissioner, 108 T.C. 430, 443 (1997). Respondent must prove that his position was substantially justified. See sec. 7430(c)(4)(B). The fact that the Commissioner eventually loses or concedes a case does not establish an unreasonable position. See Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986). However, the Commissioner's concession does remain a factor to be considered. See Dugan v. Commissioner, T.C. Memo. 1997-458.

Contrary to petitioners' position, respondent contends that he was substantially justified in his position from the issuance of the statutory notice of deficiency on May 23, 1997, until the calendar call on May 18, 1998. Petitioners did not provide

respondent with all relevant requested information until April 14, 1998. Therefore, no settlement could have been reached prior to April 14, 1998. See Salopek v. Commissioner, T.C. Memo. 1998-385. When respondent ultimately received the information, the Appeals officer concluded that petitioners were entitled to a refund and forwarded a proposed settlement to petitioners. Respondent did not spend an unreasonable amount of time reviewing the information and proposing a settlement to petitioner.[5] Although the proposed settlement was ultimately rejected by the associate chief of the IRS Appeals Office and the case was forwarded to District Counsel, the time respondent spent reviewing the proposed settlement was not unreasonable.[6] Respondent should not have to bear the litigation costs for a reasonable period of time it may take to review documentation and/or modify his position. See Harrison v. Commissioner, 854 F.2d 263, 266 (7th Cir. 1988), affg. T.C. Memo. 1987-52.

Respondent concedes that his position was not substantially justified after the calendar call on May 18, 1998, but has not explained what additional facts rendered the position any more or

---

[5] Respondent received the requested information from petitioners on Apr. 14, 1998, and proposed a settlement on May 1, 1998.

[6] Petitioners' counsel agreed to the proposed settlement on May 1, 1998, and was informed that the proposed settlement had been rejected by the associate chief of the Internal Revenue Service (IRS) Appeals Office on May 11, 1998.

less justified between May 11, 1998, the date the proposed settlement was rejected, and May 18, 1998. Respondent has failed to establish that his position was substantially justified beyond May 11, 1998, the date when the proposed settlement was rejected. Accordingly, petitioners are entitled to attorney's fees incurred after May 11, 1998, when the case was forwarded from the IRS Appeals Office to the District Counsel.

C. Unreasonable Protraction of Proceeding

Respondent contends that petitioners unreasonably protracted the litigation proceedings, but respondent failed to provide any examples of how petitioners acted unreasonably. Section 7430(b)(3) provides that no award of litigation costs may be made for any portion of the proceeding that the prevailing party unreasonably protracted. After petitioners provided respondent with the requested information, petitioners did nothing to protract the proceeding. Moreover, petitioners' counsel agreed to respondent's proposed settlement agreement on the same day that it was received.

D. Amount of Attorney's Fees and Expenses To Be Awarded

Having determined when in the court proceeding respondent's position was no longer substantially justified, we must determine the appropriate amount of attorney's fees and expenses to be awarded. Petitioners submitted a bill showing $1,023.66 of

miscellaneous costs and expenses.  Of that total, $69[7] in expenses was incurred prior to the time the case was forwarded to the District Counsel.  Therefore, petitioners are entitled to $954.66 in costs and expenses.

Petitioners' attorney billed a total of 109.4 hours on this case.  Of that total, 80.3 hours were billed after the case was forwarded to the District Counsel.  An award relating to attorney's fees incurred in 1998 is limited to $120 per hour.  See sec. 7430(c); Rev. Proc. 98-61, 1998-52 I.R.B. 18.  Accordingly, we award petitioners attorney's fees in the amount of $9,636, plus attorney's fees and costs incurred pursuing this motion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered.</u>

---

[7] That amount includes the $60 fee to file petitioners' petition with the Tax Court and $9 in postage costs.