T.C. Memo. 2001-74

UNITED STATES TAX COURT

JOHN S. GIBSON, f.k.a. JOHN S. MACTAVISH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7628-98.                    Filed March 23, 2001.

<u>Peter L. Milinkovich</u>, for petitioner.

<u>John C. Schmittdiel</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before
the Court on petitioner's Motion for Litigation and
Administrative Costs filed pursuant to section 7430 and Rule 231.
All references to section 7430 are to that section as in effect
at the time the petition was filed.  Unless otherwise indicated,
all other section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

We must decide whether petitioner is entitled to administrative and litigation costs. After concessions,[1] the issue for decision is whether respondent's position in the underlying proceeding was substantially justified. We hold that respondent's position was substantially justified, and, therefore, petitioner is not entitled to an award of administrative and litigation costs.

Petitioner seeks fees and costs totaling $5,655.40. The parties submitted memoranda and affidavits supporting their positions. We decide the motion on the basis of those memoranda, affidavits, and the record in this case. Neither party requested a hearing, and we conclude that a hearing is not necessary to decide this motion. See Rule 232(a)(2).

Petitioner resided in Ramsey, Minnesota, at the time he filed his petition.

Background

Respondent began an examination of petitioner's Federal income tax returns for tax years 1991 through 1993 sometime in 1995. Petitioner did not file a Federal income tax return for

---

[1] Respondent concedes that petitioner (1) substantially prevailed with respect to the amount in controversy, (2) met the net worth requirement as provided by sec. 7430, and (3) exhausted his administrative remedies.

tax year 1994, and this tax year was also included as part of the examination.

During the examination, respondent obtained petitioner's accounts receivable book (redbook).  Respondent computed gross receipts and proposed adjustments to income relying on the redbook.  Petitioner sent respondent a letter on at least one occasion to dispute the method by which respondent interpreted the redbook in proposing adjustments to gross receipts.[2]  Each time petitioner or his representative identified errors, respondent considered the information and modified the adjustments to income.

Respondent issued a notice of deficiency to petitioner on January 30, 1998.  Respondent determined deficiencies in petitioner's Federal income taxes, penalties, and additions to tax as follows:

| | | Additions to Tax | | Penalties |
|------|------------|-----------------|-----------|-------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
| 1991 | $3,272 | $790 | --- | $654 |
| 1992 | 3,455 | --- | --- | 691 |
| 1993 | 58,640 | 2,932 | --- | 11,728 |
| 1994 | 150,431 | 37,608 | $7,750 | --- |

---

[2]     Petitioner did not attach to his motion for costs a copy of the correspondence, but the notice of deficiency makes reference to unspecified allegations of error by petitioner.

Respondent computed gross receipts for 1992 through 1994 by relying on petitioner's redbook. Respondent reconstructed income for the 1991 tax year using the bank deposits method.

Petitioner timely filed a petition with this Court. Petitioner disagreed with respondent's method of calculating gross receipts. Petitioner alleged in the petition as follows:

> The Petitioner disagrees with each and every adjustment set forth in Respondent's notice of deficiency. The respondent has recomputed Petitioner's income based on a method that is so flawed and full of errors that it lacks all basis in reality. Furthermore, since the income computation is incorrect, the penalties which are applied against the income are not appropriate and are therefore disputed.

Petitioner did not specifically identify the alleged errors made by respondent in the notice of deficiency.

In his answer, respondent generally denied the allegations of error. At some point in 1999, respondent, with petitioner's assistance, calculated income for 1992 and 1993 via the bank deposits method. Petitioner provided information to respondent's Appeals officer to establish that certain deposits for 1991, 1992, and 1993 were not taxable. The parties agreed to the amount of unreported gross receipts for tax years 1991 through 1993 shortly thereafter.

Between May 1999 and May 2000, the parties reconstructed petitioner's income and expenses for tax year 1994. The parties also reached agreement regarding the adjustment to business gross receipts for 1994. The gross receipts per the notice of

deficiency and the gross receipts per the agreement are set forth
below:

| Year | Notice of Deficiency | Agreed Amount |
|------|----------------------|---------------|
| 1991 | $11,363 | $5,000 |
| 1992 | 15,031 | 6,107 |
| 1993 | 200,457 | 13,992 |
| 1994 | 574,759 | 571,259 |
| Total | 801,610 | 596,358 |

A stipulation of settlement based on the agreement of the
parties was filed on September 11, 2000.  The deficiencies,
additions, and penalty agreed to are as follows:

| | | Additions to Tax | | Penalty |
|------|------------|------------------|-----------|-------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
| 1991 | $1,489 | $331 | --- | None |
| 1992 | 955 | --- | --- | $191 |
| 1993 | None | None | --- | None |
| 1994 | 7,753 | 1,938 | None | --- |

Petitioner argues that respondent was not substantially
justified because respondent used a flawed method of determining
income by treating the redbook as a cash receipts journal instead
of including as income the amounts petitioner actually received.[3]
Petitioner contends that respondent's determination resulted in
an overstatement of income.  Petitioner further argues that
respondent should have used a bank deposits or net worth method

---

[3]     We note that while neither party presented evidence as
to whether petitioner reported income and expenses by the cash or
accrual method, we assume that the method of accounting and
reporting is not in issue in this case.

to verify income.  Finally, petitioner asserts that the "need to independently verify the calculation [gross receipts] arose from the IRS' distrust of the taxpayer, not the inadequacy of the records."

Respondent contends that he was substantially justified because he relied on petitioner's books and records in determining income pursuant to section 446(a), and, when it became apparent that petitioner's books and records were inaccurate, respondent, in concert with petitioner's counsel, employed the bank deposits method.  Further, respondent claims that he was substantially justified as to tax year 1994 because petitioner did not file a tax return, and, therefore, respondent was required to compute income.  It was by use of the bank deposits method that the parties were able to resolve the amounts in dispute.

Discussion

A.  Section 7430

Section 7430(a) provides that the prevailing party in any administrative or court proceeding may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such administrative proceedings within the Internal Revenue Service (IRS), and (2) reasonable litigation costs incurred in connection with such court proceedings.  See sec. 7430(a), (c). The prevailing party must exhaust his administrative remedies,

and the prevailing party must not protract either the administrative or court proceedings.  See sec. 7430(b)(1), (3). The parties agree that petitioner exhausted his administrative remedies.[4]

A prevailing party is defined as a taxpayer who substantially prevails as to the amount in controversy or with respect to the most significant issue or set of issues.  See sec. 7430(c)(4)(A)(i); sec. 301.7430-5(a)(2), Proced. & Admin. Regs. Respondent concedes that petitioner substantially prevailed as to the amount in controversy or with respect to the most significant set of issues.  Petitioner will nevertheless fail to qualify as the prevailing party if respondent can establish that respondent's position in the administrative and court proceedings was substantially justified.  See sec. 7430(c)(4)(B).

B.  Substantial Justification

The Commissioner will be substantially justified where his position has a reasonable basis in both law and fact.  See Pierce v. Underwood, 487 U.S. 552 (1988); Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989); Hanover Bldg. Materials, Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984).

---

[4] As a result of our conclusion herein, we need not decide whether petitioner protracted the proceeding.

A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565 (construing similar language in the Equal Access to Justice Act). The Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct.'" Maggie Management Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, supra at 566 n.2).

The fact that the Commissioner eventually loses or concedes a case does not establish that his position was unreasonable. See Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992); Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). However, it does remain a factor to be considered. See Estate of Perry v. Commissioner, supra; Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

As relevant herein, we review the Commissioner's position as of the date of the notice of deficiency to determine whether he was substantially justified with respect to the recovery of administrative costs. See sec. 7430(c)(7)(B). We examine the Commissioner's position in his answer to the petition to determine whether he was substantially justified with respect to

the recovery of litigation costs. See <u>Bertolino v. Commissioner</u>, 930 F.2d 759, 761 (9th Cir. 1991); <u>Sher v. Commissioner</u>, 861 F.2d 131, 134-135 (5th Cir. 1988), affg. 89 T.C. 79 (1987). Ordinarily, we consider the reasonableness of each of these positions separately. See <u>Huffman v. Commissioner</u>, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), affg. in part, revg. in part and remanding on other issues T.C. Memo. 1991-144. In the present case, however, we jointly consider the positions because there is no indication that respondent's position changed between the issuance of the notice of deficiency (on January 30, 1998) and the filing of the answer to the petition (on May 22, 1998). See <u>Swanson v. Commissioner</u>, 106 T.C. 76, 87 (1996).

C. <u>Reasonable Basis in Law and Fact</u>

Taxpayers are required to maintain books and records in accordance with rules and regulations prescribed by the Secretary. See sec. 6001. Generally, taxpayers must "keep such permanent books of account or records" sufficient to establish gross income, deductions, or other matters required to be shown on the return. Sec. 1.6001-1(a), Income Tax Regs. Accounting records include the taxpayer's regular books and other records and data necessary to support entries on books and tax returns. See sec. 1.446-1(a)(4), Income Tax Regs.

Taxable income is generally computed under the method of accounting on the basis of which the taxpayer regularly computes

his income in keeping his books.  See sec. 446(a).  However, if the method of accounting or the books do not clearly reflect income, the Commissioner may compute income through any method that clearly reflects income.  See sec. 446(b); Holland v. United States, 348 U.S. 121, 132 (1954); Mallette Bros. Constr. Co., Inc. v. United States, 695 F.2d 145, 148 (5th Cir. 1983); Meneguzzo v. Commissioner, 43 T.C. 824 (1965); Zamzam v. Commissioner, T.C. Memo. 2000-371.

The Commissioner's reconstruction of income need only be reasonable; it need not be exact.  See Holland v. United States, supra; Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970); Schroeder v. Commissioner, 40 T.C. 30, 33 (1963); Diesel Country Truck Stop, Inc. v. Commissioner, T.C. Memo. 2000-317.    The Commissioner need not concede an adjustment until he has "received and verified adequate substantiation for the items in question."  Simpson Fin. Services v. Commissioner, T.C. Memo. 1996-317 (citing Harrison v. Commissioner, 854 F.2d 263, 265 (7th Cir. 1988), affg. T.C. Memo. 1987-52); see Sokol v. Commissioner, supra at 765.

Respondent relied on petitioner's books and records in computing gross receipts for 1992 through 1994.  Respondent determined in the notice of deficiency for tax years 1992, 1993, and 1994 that petitioner omitted gross receipts totaling

$790,247.[5] Although respondent's method of computing gross receipts was not error free, respondent was 75 percent accurate in the determination in the notice of deficiency using petitioner's books and records.[6] After respondent filed his answer, petitioner and third parties provided documents to respondent that led respondent to adjust the computation of income. Respondent had a reasonable basis in law and fact in relying on petitioner's records in determining the deficiencies.

Petitioner argues that respondent was not substantially justified because respondent should have used the bank deposit method in his determination rather than relying on the redbook. Petitioner further asserts that respondent's agent misconstrued the redbook. According to petitioner, the only reason respondent sought to substantiate the gross receipts reported, and in the case of 1994, not reported, was respondent's vendetta against petitioner. In essence, petitioner refutes the accuracy of his own books and records. Petitioner repeatedly emphasizes that respondent was not substantially justified because respondent did not verify gross receipts through another method. We reject

---

[5] We do not address 1991 since respondent employed the method (bank deposits) which petitioner argues respondent should have used.

[6] The notice of deficiency determined gross receipts for 1992 through 1994 of $790,247. The parties agreed that, under the bank deposits method, petitioner failed to report gross receipts of $591,358 for those years.

petitioner's nonsensical arguments.  Even assuming the agent misconstrued petitioner's books and records, it is apparent that the records did not accurately reflect income.  Further, each time petitioner provided additional information to respondent, recomputations were made to the proposed adjustment to income.[7]

D. Conclusion

We hold that petitioner is not entitled to an award of administrative and litigation costs because respondent's position was substantially justified.  In so holding, we have carefully considered the remaining arguments made by the parties, and to the extent not discussed above, we consider those arguments to be without merit.

In order to reflect the foregoing,

An appropriate order and
decision will be entered.

---

[7]  As indicated, petitioner did not file a return for tax year 1994.  In 1999, a year after respondent filed his answer to the petition, the parties began a yearlong process of calculating petitioner's gross receipts.  Respondent was not unreasonable in his initial determination or the consideration of documentation to verify gross receipts for 1994.